(Opinion published 52 N. W. Rep. 899.)

---

OLE MOSNESS *vs.* GERMAN-AMERICAN INSURANCE CO. OF NEW YORK.

Argued May 19, 1892. Decided July 1, 1892.

**Arbitration Made a Condition Precedent to Recovery.**

The language of a fire insurance policy, made a part of the complaint herein, which provided for the selection of appraisers and an award, in case the parties differed as to the amount of a loss, considered and construed. *Held,* that said language constituted a condition precedent to a right of action by the assured.

**A Cause of Action not Stated.**

From the complaint it affirmatively appeared that a dispute had arisen which called for an appraisal and award. The plaintiff alleged generally that he had complied with all of the terms and performed all of the conditions precedent found in the policy, required of him, but failed to state that appraisers had been selected, or an award made, or to allege any facts which would relieve him from submitting to an appraisal and award, or excuse him from being bound by the provisions of the policy in respect thereto. *Held,* that the complaint failed to state a cause of action.

**Answer in Aid of a Defective Complaint.**

A party cannot be allowed to rely on allegations found in his adversary's pleadings to make out his cause of action or defense, and at the same time put these allegations in issue by denials.

**Departure in the Reply.**

> Where the complaint fails to state a cause of action, there cannot be, strictly speaking, a departure in the reply.

**Arbitration—Rejection of Pertinent Evidence.**

> The rejection and exclusion of pertinent and material testimony on a hearing before appraisers is usually fatal to the award, and the fact of such rejection and exclusion may be established by a mere preponderance of evidence; but, if the attempt is made to avoid an award on the ground of partiality, conspiracy, or fraud on the part of the appraisers, every presumption must be made in favor of fairness, and it should not be set aside except upon clear and strong proof.

Appeal by defendant, the German-American Insurance Company of New York, from a judgment of the District Court of Ramsey County, *Egan*, J., entered November 2, 1891, against it for $1,226.52.

*Kitchel, Cohen & Shaw*, for appellant.

By the terms of the policy, when a disagreement as to the amount of loss arose, an award of appraisers became a condition precedent to the right of action. *Gasser* v. *Sun Fire Office*, 42 Minn. 315; *Chippewa Lumber Co.* v. *Phenix Ins. Co.*, 80 Mich. 116; *Hamilton* v. *Liverpool, etc., Ins. Co.*, 136 U. S. 242; *Hutchinson* v. *Liverpool, etc., Ins. Co.*, 153 Mass. 143; *Hamilton* v. *Home Ins. Co.*, 137 U. S. 370.

No action could be maintained after an award was obtained, except upon the award itself, or in avoidance of it. *Indiana Ins. Co.*, v. *Brehm*, 88 Ind. 578; *Carroll* v. *Girard Fire Ins. Co.*, 72 Cal. 297.

Failing to contain any allegations showing either the rendition of an award, or reasons why the performance of that condition precedent was waived, the complaint failed to state a cause of action, and the pleader could not supply the omission by any allegations of his reply. *Webb* v. *Bidwell*, 15 Minn. 479, (Gil. 394;) *Hatch* v. *Coddington*, 32 Minn. 92. The action should be either upon the policy as modified by the award, or upon the policy and in avoidance of the award. The award being admitted, it became a condition precedent to the maintenance of an action upon the policy, either that the award should be pleaded in the complaint as the measure of damage, or that by appropriate allegations in the complaint, it should

be attacked as not binding upon the plaintiff.    *Trainor* v. *Worman,* 33 Minn. 484; 34 Minn. 237; *Boon* v. *State Ins. Co.,* 37 Minn. 426.

The arbitration clause remains in force until its provisions are complied with, or until by some act on the part of the defendant, the plaintiff is absolved from compliance with its conditions.    *Carroll* v. *Girard Fire Ins. Co.,* 72 Cal. 297; *Hiscock* v. *Harris,* 80 N. Y. 402; *Uhrig* v. *Williamsburg City Fire Ins. Co.,* 101 N. Y. 362.

Courts favor awards, and every presumption will be made in favor of their fairness.    The burden of proof is upon the party seeking to set them aside, and the proof must be clear and strong.    *Brush* v. *Fisher,* 70 Mich. 469; *Overby* v. *Thrasher,* 47 Ga. 10; *Liverpool, etc., Ins. Co.* v. *Goehring,* 99 Pa. St. 13; *Daniels* v. *Willis,* 7 Minn. 374, (Gil. 295;) *Goddard* v. *King,* 40 Minn. 164.

Plaintiff acquiesced in the appraisement proceedings, and is estopped to question their regularity.    *Duckworth* v. *Diggles,* 139 Mass. 51; *Fox* v. *Hazelton,* 10 Pick. 275; *Indiana Ins. Co.* v. *Brehm,* 88 Ind. 578; *Robb* v. *Brachman,* 38 Ohio St. 423.

*Ole Mosness, pro se.*

A defect in a complaint may be cured by the answer.    *Bennett* v. *Phelps,* 12 Minn. 326, (Gil. 216;) *Rollins* v. *St. Paul Lumber Co.,* 21 Minn. 5; *Warner* v. *Lockerby,* 28 Minn. 28; *Monson* v. *St. Paul, M. & M. Ry. Co.,* 34 Minn. 269; *Horn* v. *Western Land Ass'n,* '22 Minn. 233.

If there was a departure in pleading, as claimed, and the defendant seasonably and properly took advantage of it, the error was afterwards waived.    The case was tried as though the pleadings had been made in their regular order.    The defendant introduced its evidence upon the entire case, and to all intents and purposes, had all the benefits of the issues that it could have had if the pleadings had been made in the manner contended for.    Is the case to be reversed for the sole purpose of amending or correcting the pleadings, when it is manifest that the case must be tried in the same order on a second trial, and that the result is not likely to be more favorable to the defendant?    If in this there was error, it became, from the manner in which the case was tried, error without prejudice.

The authorities are unanimous that the refusal, or even omission, of arbitrators to hear evidence, renders the award void. Morse, Arb. 142; *Canfield* v. *Watertown Fire Ins. Co.*, 55 Wis. 419; *Van Cortlandt* v. *Underhill*, 17 John. 405; *Parsons* v. *Citizens' Ins. Co.*, 43 U. C. Q. B. 261.

COLLINS, J. This action was brought to recover for insurance upon plaintiff's household goods, wearing apparel, and other chattels, damaged, and, in part, wholly destroyed, by fire. There was insurance in another company on the same property by consent. The complaint contained the usual allegations; among others, that plaintiff had performed and complied with all of the terms and conditions precedent found in the policy, a copy of which was made a part of the pleading. It was also alleged that, after having examined the plaintiff's loss, the defendant company insisted upon paying a certain named sum, much less than the amount stated as the amount of the loss, in full satisfaction of its share thereof. The The answer set forth, in bar of the action, that soon after the fire, in accordance with the provisions of the policy, the parties selected two appraisers, and these two chose an umpire, who were to determine the amount of the loss, and that an award was made by one of these appraisers and the umpire. The agreement for submission and the award were made a part of the answer. The reply admitted the submission and the making of the award, but alleged fraud and misconduct on the part of the persons who made the award in several particulars, and, among other things, that they declined and refused to hear testimony as to the character or value of any of the property which plaintiff claimed was totally destroyed, and that they were unacquainted with its value, and had no means to ascertain the same, or plaintiff's loss and damage, except from the testimony which plaintiff unsuccessfully attempted to spread before them. A large number of appellant's objections to the reception of plaintiff's evidence, and many of its assignments of error, have reference to the claim of its counsel that in the reply there was a departure from the case presented by the complaint. The material allegations of the various pleadings, and that the contract

of insurance as found in the policy was made a part of the complaint, have already been stated.   It is contended that from the language of the policy it expressly and distinctly appears that, in case of a disagreement between the insurer and the insured over the amount of the loss, an award by appraisers, selected as therein provided for, was an essential part of the contract, and a condition precedent to plaintiff's right of action.   *Gasser* v. *Sun Fire Office,* 42 Minn. 315, (44 N. W. Rep. 252.)   The language in regard to an appraisal and an award, found in the policy now being considered, is unlike that discussed and passed upon in the *Gasser Case;* but we are unable to say that it substantially differs in any respect, or that its import and legal effect can be distinguished, and the respondent has not undertaken to point out wherein there is any material difference,—a difference which would warrant us in asserting that in the case at bar the provisions as to an appraisal for the sole purpose of ascertaining the amount of a loss in case of a dispute, and an award, were not an essential part of the contract, and a condition precedent to plaintiff's right of action.   The present policy stipulated that, whenever an ascertainment or estimate of the amount of the loss becomes necessary, it "shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided; and, the amount of loss or damage having been thus determined, the sum for which the company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss" have been received.   The manner of selecting the appraisers and an umpire, and their mode of procedure, is also set forth; and it is further stipulated, partly a repetition, that the amount of the loss "shall not be payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss had been received by this company, *including an award by appraisers, when an appraisal has been required.*"   And, finally, there is a provision that no suit or action "for the recovery of any claim shall be sustainable," under the policy, "until after full compliance by the assured with all the foregoing requirements."

Construing together, as they must be construed, the various provisions found in the present policy in reference to an appraisal and award, we are of the opinion, as before stated, that they do not differ materially from similar provisions considered and construed in the case heretofore alluded to.    The language used constituted a condition precedent to plaintiff's right of action, when circumstances transpired to which the language was applicable; that is, when the insurer and the insured disagreed over the amount of the loss.    Now, from the allegations of the complaint, it clearly appeared that a dispute had arisen between these parties as to the very matter covered and provided for by these provisions, and that there existed a condition of affairs which demanded an appraisal and award in the manner expressly stipulated for in the insurance contract.    Although setting forth a state of affairs which invoked and required an ascertainment of the amount of the loss by appraisers as a condition precedent to his right to sustain an action against defendant company, the plaintiff failed to allege specifically that appraisers had been selected, and that an award had been made or attempted by them, and consequently failed to state any reasons why he should not be bound thereby.    He made no attempt to aver facts which, if established upon the trial, would have excused him from compliance and performance, and would have relieved him from the obligation to abide by all of the terms and conditions of the policy.    He contented himself by alleging, generally, that he had complied with and performed the terms and conditions precedent of the policy required of him, evidently having in mind 1878 G. S. ch. 66, § 109, and under which it is possible that he might have been allowed to show the selection of appraisers.    But he omitted to allege that an award had been rendered.    It is obvious that no cause of action was stated on an award, and none in avoidance of an award, and that nothing was alleged which excused or relieved the plaintiff from abiding by terms and conditions of the policy in reference to an appraisal and award.    The complaint was therefore defective, in that it failed to state facts sufficient to constitute a cause of action.    But respondent urges, if this be true, that the defect was supplied by the answer.

Taking the complaint and answer together, a cause of action for the amount of the award was made out, and, had the plaintiff rested upon these two pleadings, his position would be unassailable. But this he did not do. By means of certain averments in his reply, which, with others, should have been in his complaint, the plaintiff put in issue and denied the very allegations found in the answer on which he must now rely as curing the defective complaint and making out a cause of action for the amount of the award. This certainly ought to deprive him of the benefit of these averments in the answer. A party cannot be allowed to build up and make out his cause of action or defense upon allegations found in his adversary's pleadings, and at the same time put them in issue by denials. So that the plaintiff herein commenced the trial with a complaint which failed to state facts sufficient to constitute a cause of action. Of course, he could not supply the omissions and defects of the complaint by any allegations in the reply.

Strictly speaking, it cannot be said, as contended by counsel for appellant, that there was a departure in plaintiff's reply from the the case stated in his complaint. The test suggested in *Estes* v. *Farnham,* 11 Minn. 423, (Gil. 312,) is valueless, because no testimony whatsoever should have been received under the defective pleading. And under the definition given in *Trainor* v. *Worman,* 34 Minn. 237, (25 N. W. Rep. 401,) there was no departure, because the plaintiff could not quit or depart from a case made in the complaint, when none had been made. The point that the complaint failed to state a cause of action, and therefore no testimony should have been received under it, was covered by the repeated objections made to any evidence of the value of the articles said to have been destroyed. The defendant's motion for a new trial should have been granted on this ground alone, and it seems hardly necessary to add that, before such new trial can properly take place, the complaint should be amended so as to state plaintiff's real cause of action.

In view of future proceedings herein, a brief reference to one or two matters which have been discussed by counsel may not be out of place. The parties were entitled to a hearing, and to introduce evidence as to the amount of plaintiff's loss to the appraisers. The ex-

clusion of pertinent and material testimony by appraisers is usually fatal to the award.   An exception to the general rule in this respect is mentioned in *Hall* v. *Norwalk Fire Ins. Co.*, 57 Conn. 105, (17 Atl. Rep. 356,) but this case comes not within that exception.   The burden of proof will be on the plaintiff to show that pertinent and material evidence offered by him as to the amount of his loss was rejected and excluded by the appraisers, and no more than a fair preponderance of evidence is required to show this.   But if the plaintiff attacks the award otherwise, as he has already by the allegations found in his reply, by proof of partiality, conspiracy, or fraud on the part of those who made it, every presumption must be made in favor of fairness, and the award should not be set aside, except upon clear and strong proof.   *Brush* v. *Fisher*, 70 Mich. 469, (38 N. W. Rep. 446;) *Overby* v. *Thrasher*, 47 Ga. 10; *Liverpool, etc., Ins. Co.* v. *Goehring*, 99 Pa. St. 13.

There is nothing, so far as is disclosed by the present record, in appellant's contention that the plaintiff acquiesced in the appraisement proceedings, and is estopped to question their regularity.

Judgment reversed.

(Opinion published 52 N. W. Rep. 932.)