JANNEY, SEMPLE & Co. vs. CHRIS. GOEHRINGER et al.

Submitted on briefs Jan. 16, 1893.   Decided Feb. 24, 1893.

**Arbitration, Award Invalid.**

A lease of real estate for a term of years provided that upon its termination the lessors should purchase from the lessees, at the fair market value, the buildings which the latter might have erected, and that the value should be conclusively determined by three appraisers, for the selection of whom, in the usual way, the lease provided. It being necessary for the appraisers to construe the contract for the purpose of determining the basis upon which the value was to be estimated, *held*, that an appraisal made without opportunity afforded to the parties to be heard was invalid.

**Contract, Alteration after Execution.**

A written lease, in which material matter was inserted after its execution, *held* properly received in evidence; it appearing that the parties had recognized the instrument as valid subsequent to such alteration.

Appeal by defendant, Chris Goehringer, from a judgment of the District Court of Hennepin County, *Smith*, J., entered April 27, 1892, decreeing a certain award of appraisers invalid.

The plaintiff, Janney, Semple & Co., a corporation, brought this action to vacate and annul an appraisal of the value of the improvements on the rear sixty-five feet in width of lot six (6) in block twenty-one (21) in Minneapolis at the termination of the lease for ten years mentioned in the opinion. It made defendants Chris Goehringer, the owner of the longer lease, and Theodore Bösting and W. Muther, the two arbitrators who signed the appraisal. The issues

were tried and findings filed March 12, 1892.   The court found that no notice was served on the plaintiff of the meeting of the appraisers for the purpose of making their appraisal, and that no opportunity was given it to be heard before them or to introduce evidence, and that it had no notice or knowledge of the meeting.   Judgment was entered setting aside the award.   Goehringer alone appealed.

*George R. Robinson,* for appellant.

The contract made no provision as to the manner in which the arbitrators should determine the value of the improvements, or that they should determine it in any way except from their own knowledge of the subject-matter.   The court cannot make a contract for the parties, or prescribe the duties of arbitrators under a contract. In the absence of fraud or mistake, the award is binding on the parties.   *Goddard* v. *King,* 40 Minn. 164.

The testimony shows that the appraisers were appointed for the purpose of determining the matter upon their own knowledge of the matter to be determined, and not from any testimony to be taken by them.   The award should not therefore have been set aside.   *Hall* v. *Norfolk Fire Ins. Co.,* 57 Conn. 105; *Wiberly* v. *Matthews,* 91 N. Y. 648; *Mosness* v. *German-Am. Ins. Co.,* 50 Minn. 341.

The award should not be set aside when no prejudice is shown. The testimony shows that the award was right on its merits and the building of no real market value.   *Daniels* v. *Willis,* 7 Minn. 374, (Gil. 295;) *Thompson* v. *Blanchard,* 2 Iowa, 44.

*Hahn & Hawley,* for respondents.

The refusal of appraisers appointed under a lease similar to the one in the case at bar, to hear evidence of the original cost of the building erected on the premises during the term, was a sufficient cause for setting aside the award in *Van Cortlandt* v. *Underhill,* 17 John. 405.

The insertion of the date in the original lease was in accordance with the understanding of all the parties.   They acted in accordance with that date, and ratified and confirmed by their acts, its insertion. This is evident from the testimony.   The question was not the mar-

ket value of the building to sell as a building without any interest in the land, or expectation of any interest, but it was the value of the building as it stood on June 18, 1891, with a leasehold estate under it of thirty-eight years.

The failure of the arbitrators to give notice to one of the parties of the time and place of their meeting, makes the award invalid. *Emery* v. *Owings*, 7 Gill, 488; *Rigden* v. *Martin*, 6 Har. & J. 406; *Elmendorf* v. *Harris*, 23 Wend. 628; *Vessel Owners' Towing Co.* v. *Taylor*, 126 Ill. 250; *Wood* v. *Helme*, 14 R. I. 325; *Ingraham* v. *Whitmore*, 75 Ill. 24; *Lutz* v. *Linthicum*, 8 Pet. 165; *Peters* v. *Newkirk*, 6 Cow. 103.

To say that the lessors agreed to buy the building at just the price which the lessees might be able to sell it for at the expiration of their lease to somebody else, is to render this covenant absolutely useless and valueless. The appraisement was made upon the basis of what the building would be worth, to move away. This was erroneous.

DICKINSON, J. This is an appeal by the defendant Goehringer from a judgment of the district court setting aside, at the suit of the plaintiff in this action, an award of appraisers as to the value of a building.

The facts, as found by the court, may be thus stated:

In 1881 Mattie L. Brackett had a leasehold estate in a certain lot of land in Minneapolis, the term of which extended to the year 1929. She, with her husband, leased the premises to the members of a copartnership (Janney, Brooks & Eastman) for the term of ten years from June 18, 1881. This latter lease contained a provision that upon the termination of the lease the lessors should purchase from the lessees the buildings on the premises, the consideration to be paid therefor being the fair market value, not exceeding $6,000, to be determined by appraisers, one of whom should be chosen by each of the two parties to the lease. The two appraisers so chosen were to select a third. The appraisement of two of the three appraisers was to be final and conclusive.

The lessees, Janney, Brooks & Eastman, erected a large stone building, three stories in height, on the leased premises, at a cost of

about $12,000. The appellant, Goehringer, succeeded to the interests, rights, and obligations of the lessor Mrs. Brackett; and at the expiration of the lease, in 1891, for the purpose of having determined the price which he was to pay for such building, he appointed one Basting as an appraiser, pursuant to the terms of the lease. This plaintiff, a corporation, having succeeded to the interest and rights of Janney, Brooks & Eastman, appointed one Selden as appraiser. Those two appraisers selected one Muther as the third. Thereafter, and about July 27, 1891, Basting and Muther made an appraisement of the value of the building at the sum of one dollar; in which appraisement Selden refused to join. No notice was served on the plaintiff of the meeting of the appraisers for the purpose of making the appraisement, and the plaintiff had no notice or knowledge thereof; nor was any opportunity given to the plaintiff to introduce any evidence, or to be heard before the appraisers. It was hence considered by the court that the appraisement was void, and judgment was entered setting it aside. This appeal is from that judgment.

The principal question in the case is as to the validity of the appraisal, under the circumstances stated. The court was right in its conclusion that the appraisal was invalid, by reason of the fact that it was made without opportunity afforded to the plaintiff to be heard. *Schreiber* v. *German-Am. H. Ins. Co.,* 43 Minn. 367, (45 N. W. Rep. 708.) See, also, *Mosness* v. *German-Am. Ins. Co.,* 50 Minn. 341, (52 N. W. Rep. 932.) In the case of an ordinary arbitration there could be no doubt of this. But this submission to appraisers to determine the value of the property which should be paid by the one party to the other, the parties agreeing to abide by such decision, was in the nature of an arbitration, and the rule affording a right of hearing is applicable. *Van Cortlandt* v. *Underhill,* 17 John. 405; *Smith* v. *Boston, C. & M. R. Co.,* 36 N. H. 458. There doubtless may arise cases, under agreements for appraisals to be made by third parties, in which, either by reason of the terms of the agreement, or from the nature of the matter submitted for decision, it would be considered that it was not contemplated that there should be any hearing before the appraisers or arbitrators. In *Wood* v. *Helme,* 14

R. I. 325, this rule is approved: "Unless the submission expressly shows that the parties intended that the arbitrators should decide the questions in dispute without the aid or presence of the parties, or it is evident that such was the intention, as where the matter is merely one of appraisal, the arbitrators must give both parties notice of the time and place of meeting." But in the case before us there is nothing in the agreement indicating that the matter in question was to be taken up and decided by the appraisers without allowing the parties to be heard. Nor was the subject submitted such as to require merely an appraisal of the value of property under ordinary conditions, which every one would be supposed to understand. It required an appraisal of the value of the building under such conditions that the parties might reasonably differ in their views as to the basis upon which the estimate of value was to be made. The appraisers had to construe the contract, and determine its meaning, before they could determine what value should be put upon the building. Was the value of the building to be fixed at what it was worth to the lessors when it came back to them at the termination of the lease, or only at its worth independent of any estate in the land, and to a stranger purchasing it with the view of removing it elsewhere? While we entertain no doubt that the former basis, and not the latter, is the correct one, it is not be taken as a matter of course that the parties would agree in that matter, or that appraisers would thus construe the contract. Indeed it seems probable that the two appraisers who made the estimate of value in this case took the other view. The point of the argument is that the appraisers were not merely to determine the simple matter of the value of specific property, but, necessarily, to construe the contract, and determine its legal effect. In such a case the parties had the same right to be heard before their cause was adjudged as they would have in any general arbitration.

Such being our decision upon this point, most of the other questions presented in the briefs become immaterial, not affecting the result.

It is, however, contended that the court erred in receiving in evidence the lease to Janney, Brooks & Eastman, because, having been

blank as to the month and day of the commencement of the term of ten years when it was executed by Mrs. Brackett, the lessor, the blank space appeared to have been afterwards filled by her husband and the lessees, she not being present. It may be doubted whether the circumstances did not justify the inference that she authorized the filling of this blank as was done. *State* v. *Young,* 23 Minn. 551. But, however that may be, there was evidence sufficient to show a subsequent recognition of, and acquiescence in, the lease as thus completed, not only on the part of the lessors, but as well by this appellant. Hence the lease was properly in the case.

Judgment affirmed.

(Opinion published 54 N. W. Rep. 481.)

