FRED E. REDNER v. NEW YORK FIRE INSURANCE COMPANY and Others.[1]

June 3, 1904.

Nos. 13,978—(37).

**Fire Insurance—Setting Aside Award.**

Action to set aside the award of arbitrators, and to recover on fire insurance policies the amount of the plaintiff's loss by reason of the destruction by fire of the property therein described. *Held:*

1. That the plaintiff was entitled to appear before the arbitrators, and to be heard, and to offer evidence touching his loss. A denial of such right by the arbitrators is a ground for setting aside their award.

2. The complaint herein alleges facts sufficient to constitute a cause of action, and several causes of action are not improperly united therein.

Action in the district court for Hennepin county to vacate and set aside an award of arbitrators; to have ascertained the amount plaintiff was entitled to recover from defendants, New York Fire Insurance Company and three other companies, upon certain policies of fire insurance respectively issued by them; and for general relief. From an order, Elliott, J., overruling a demurrer to the complaint on the grounds that the same did not state a cause of action and that several causes of action were therein improperly united, defendants appealed. Affirmed.

*Lane & Nantz,* for appellants.

*M. H. Boutelle,* for respondent.

[1] Reported in 99 N. W. 886.

START, C. J.

The complaint herein alleged, with other matters, in effect, that the defendants issued fire insurance policies to the assignor of the plaintiff, covering certain personal property which was described therein.   After the sale of the property to the plaintiff, the policies were duly assigned to him, with the consent of the defendants.   While the policies were in force, and on April 9, 1903, a fire occurred, whereby the property so insured was damaged in the sum of $1,500.   The parties hereto thereafter agreed that the amount of such loss should be determined by arbitration.   Three arbitrators were appointed for this purpose, and on May 11, 1903, two of them returned a purported award, wherein it was found that the damage to the property insured, caused by the fire, was the sum of $400.   The plaintiff has at all times refused to abide by the award, and shortly after it was rendered he rejected it, and demanded a resubmission of the matter to arbitration according to the terms of the policies.   The complaint also alleged that on or about January 16, 1903, J. R. Wheeler, plaintiff's assignor, duly sold, assigned, and transferred, for value, to him, the property so insured, and on that day duly assigned, by and with the consent in writing of the respective defendant companies, the several policies, and that from and after the last-mentioned date, up to the time of the fire, the plaintiff was the owner of the property, and the holder of the several insurance policies herein described.   And further

> That the purported award made and rendered, hereinbefore alleged, was illegal and void, in this, to wit: that plaintiff duly demanded of said arbitrators the privilege of appearing before them, and of producing evidence material and pertinent to the subject-matter of the submission, viz., the amount of plaintiff's loss and damage, but that said arbitrators refused said privilege, and, at all times pending the determination of the matter submitted to them, declined to receive or hear any evidence from plaintiff, or the witnesses by him produced; that plaintiff duly protested against the action of said arbitrators last aforesaid, and duly appeared before said board of arbitrators at the first session or meeting thereof, and produced his witnesses, and demanded that their testimony be heard, but that said aribitrators then and there, and at all times thereafter, refused to receive or hear such

testimony, or any testimony in plaintiff's behalf, and, notwithstanding plaintiff's said protest, said board proceeded to consider said matter, and to return the purported award aforesaid. Plaintiff further alleges that the witnesses produced by him as aforesaid for the purpose of giving evidence before said board of arbitrators were familiar and expert in the subject-matter then pending before said board of arbitrators, and were material witnesses on behalf of the plaintiff in said matter; that the purported award so rendered as aforesaid was and is grossly inadequate, and the same was and is, by reason of the facts hereinbefore set forth, wholly void and of no effect.

The prayer for judgment was that the award be adjudged void and set aside, and the amount of the plaintiff's loss be determined, and for general relief.

The defendants severally demurred to the complaint upon the grounds that it did not state facts sufficient to constitute a cause of action, and that several causes of action were improperly united. Each of the defendants appealed from an order overruling the demurrer.

1. The defendants' claim in support of the last ground of demurrer is that there is no privity of interest between the defendants on the question of liability for the loss, but the interest of each is distinct from that of every other defendant; hence the plaintiff could not unite his several causes of action against each one of the defendants. If this were strictly an action at law, there would be merit in the claim. But this is an action in equity, the gist of which is to set aside an award to which all of the defendants were parties, and which was well brought against all of them. If the award shall be set aside, the court will retain jurisdiction, and grant full relief, by determining, as an incidental matter, the pro rata share of each defendant for the loss. This case is then within the rule that, when a court of equity once takes jurisdiction of a case, it will determine the rights and obligations of all parties thereto pertaining to its subject-matter, and grant full measure of relief. Dunnell, Minn. Pl. § 374. The complaint was not demurrable on the ground that several causes of action were improperly united therein.

2. The first contention of the defendants in support of their claim that the complaint does not state facts sufficient to constitute a cause of action is that it does not allege that the plaintiff was the owner of the

property at the time of the fire. The complaint alleges that the loss was occasioned by the fire, and that the plaintiff was the owner of the property up to the time of the fire. Hairsplitting in construing pleadings is no longer permissible, but they must be liberally construed, with a view to substantial justice. G. S. 1894, § 5247. The complaint fairly alleges that the plaintiff was the owner of the property at the time of the fire.

The defendants' principal contention is that the complaint does not allege facts which would justify the setting aside of the award, and therefore it does not state facts sufficient to constitute a cause of action. The facts alleged as a ground for setting the award aside are not simply that the arbitrators refused to receive material and pertinent evidence, but that they refused the plaintiff the privilege of appearing before them, and refused to hear any evidence whatever from the plaintiff, or the witnesses produced by him, or any testimony on his behalf. If such allegations of the complaint be true, the arbitrators acted arbitrarily, for the plaintiff was legally entitled to appear before them and he heard, and to introduce evidence as to the amount of his loss. A denial of such right made the award voidable. Mosness v. German-American Ins. Co., 50 Minn. 341, 52 N. W. 932; Janney, Semple & Co. v. Goehringer, 52 Minn. 428, 54 N. W. 481; Levine v. Lancashire Ins. Co., 66 Minn. 138, 68 N. W. 855; Christianson v. Norwich Union Fire Ins. Co., 84 Minn. 526, 88 N. W. 16; Produce Refrigerator Co. v. Norwich Union Fire Ins. Co., 91 Minn. 210, 97 N. W. 875.

It follows that the complaint alleges facts sufficient, if true, to justify the setting aside of the award, and therefore it alleges a cause of action. The cases cited and relied upon by counsel for the defendant, which are to the effect that it is necessary to set out the evidence offered and rejected by the arbitrators, so that the court can decide whether it was material and pertinent, are not in point, for the reason, as already suggested that the alleged ground for setting aside the award was not the rejection of particular evidence by the arbitrators, but a refusal by them to permit the plaintiff to appear and be heard, and a refusal to hear any evidence whatever on his behalf. Such being the case, the plaintiff was not bound to incumber his complaint by setting out the evidence he would have offered if he had been granted a hearing.

Order affirmed.