AGNES SCHOENICH v. AMERICAN INSURANCE COMPANY and Others.[1]

January 7, 1910.

Nos. 16,296—(150).

**Insurance — Referees Must Be Residents.**

Section 1645, R. L. 1905, which provides that referees appointed to adjust losses under the Minnesota standard insurance policy must be residents of this state, is mandatory and jurisdictional, and a failure to comply therewith renders the award void. Whether this provision may be waived by accepting a referee with knowledge that he is a nonresident is not decided. The evidence sustains the finding that respondent had no knowledge that one of the referees selected by appellant was a nonresident.

**Adjustment of Loss — Hearing.**

The referees selected to adjust a loss occurring under the Minnesota standard policy are not vested with absolute authority to make independent in-

[1] Reported in 124 N. W. 5.

vestigation and base their award on the result thereof, but are required to give interested parties reasonable opportunity to present evidence bearing on the case. The failure to grant such opportunity, unless waived, may vitiate the award.

Action in the district court for Winona county against six insurance companies to set aside an award made by referees which determined that plaintiff's loss by reason of a fire in the premises insured by the defendant companies amounted to $1,744.51 and no more, and to have the court determine the amount of loss and apportion it among the defendants.

The complaint alleged that plaintiff notified defendants immediately after the award that she was not willing to accept it and demanded a resubmission of the loss to other referees; that the written notice to defendants stated that the award was invalid, because the referee A. H. Mitchell was not a resident or citizen of Minnesota; that he had acted in like capacity as a referee within four months; that the referees gave plaintiff no notice of or opportunity to be present at their sittings; that the referees refused to consent to a reappraisal of the loss; that plaintiff repudiated the award as soon as she learned the facts; that for the reasons stated and that the award was grossly inadequate, the award was void. The separate answers set up the written agreement for submission of loss to referees, that the three referees selected were wholly disinterested, experienced and reputable contractors, and that prior to the award no objection on the ground of disqualification was made to either of said referees.

The case was tried before Snow, J., who made findings and ordered judgment in favor of plaintiff for the sum of $2,650. A motion for amended findings was denied. From an order denying defendants' joint and several motions for a new trial, they appealed. Affirmed.

*M. H. Boutelle* and *N. H. Chase,* for appellants.

*Webber & Lees,* for respondent.

LEWIS, J.

This action was brought to vacate and set aside the award of the referees appointed to adjust a loss by fire, and to recover on the policies.

1. The trial court found that, an attempt to adjust the loss having failed, appellants demanded that the amount be ascertained by referees, according to the provisions in the Minnesota standard policy, and proposed to respondent three names from which to make a selection, and she chose Mr. James Leck. Respondent, in turn, submitted to appellants three names from which to make their selection, and they named H. W. Seidlitz. These two were residents of Minnesota, and they selected as the third referee A. H. Mitchell, a resident of Wisconsin. Mr. Mitchell was selected without consulting with respondent, or anyone acting on her behalf, and without her consent, directly or indirectly, and she had no knowledge or notice of the fact of his nonresidence until after the making of the award. The court further found that she was not guilty of any negligence in not ascertaining that he was a nonresident. Appellants attack this finding upon the ground that the evidence clearly shows that respondent either had actual knowledge, or was in possession of such knowledge as required her to make inquiry, as to Mr. Mitchell's residence, and, not having done so, she must be held to have waived the objection.

The statute (section 1645, R. L. 1905) reads: "No person shall be a qualified referee who is not a resident of the state, disinterested, and willing to act." This statute is mandatory and jurisdictional, and a failure to comply with it renders the award void. Barney v. Flower, 27 Minn. 403, 7 N. W. 823; Franklin v. Pratt, 101 Mass. 359; Burckland v. Johnson, 50 Neb. 858, 70 N. W. 388. Whether this requirement may be waived is not necessary to determine in this case, for the record fails to show that respondent had knowledge of the fact. Appellants did not produce any direct evidence to that effect, but contend that under the circumstances it was her duty to make inquiry. True, both respondent and her counsel had opportunity to make the inquiry; but they were warranted in assuming that the two referees had proceeded in accordance with the law, and that Mr. Mitchell was a resident of the state. We discover nothing in the record to put them upon inquiry, or to challenge their good faith in accepting him as a legally qualified referee.

2. The court found that the three referees, after qualifying, examined the premises, took measurements, and made estimates of the

quantities of material and labor necessary to restore the same to their previous condition. In this work they spent several hours during a day, and in the evening of the same day went to a hotel and conferred by themselves, and arrived at the conclusion that the damage amounted to $1,744.51, and signed an award accordingly. They gave respondent no notice of any time or place where she might appear before them and offer evidence as to the extent of her damages. Respondent made no formal request for an opportunity to present evidence, but was ready and would have offered it had an opportunity been given her.

Appellants submit that, having knowledge that the referees were working on the case, it was respondent's duty to make a formal demand, or request, for an opportunity to submit evidence. If the parties have reasonable opportunity to present evidence and do not avail themselves of it, and permit the referees to proceed and complete the award, such conduct will be considered a waiver. What constitutes a waiver depends on the circumstances of each particular case, and a general rule cannot well be formulated. In this case it is unnecessary to determine what was the effect of the failure to give respondent notice, and we deem it sufficient to state the law generally applicable to the subject.

Referees appointed under the Minnesota standard policy are a quasi court. They must be disinterested, and determine the matters before them upon proper evidence. They are not vested with absolute authority to make independent inquiry and investigation, and base their judgment on the result of such examination. It is the purpose of the statute to give the parties interested reasonable opportunity to present evidence. Produce Refrigerating Co. v. Norwich Union Fire Insurance Society, 91 Minn. 210, 97 N. W. 875, 98 N. W. 100; Redner v. New York Fire Ins. Co., 92 Minn. 306, 99 N. W. 886.

Affirmed.