AMERICAN CENTRAL INSURANCE COMPANY and Others
v. DISTRICT COURT OF RAMSEY COUNTY.[1]

May 8, 1914.

Nos. 18,806—(275).

**Insurance — incompetent appraiser — burden of proof.**
    1. Where an insurance policy contains the provision as to appraising losses thereunder required by chapter 421, Laws of 1913, and an appraisal is initiated pursuant thereto, if one party refuses to recognize the appraiser appointed by the other upon the ground that he is incompetent, the burden is upon such party to show that such appraiser is in fact incompetent.

[1] Reported in 147 N. W. 242.

**Appraisal under act of 1913 — competency of appraisers.**
  2. In proceedings to appraise losses, taken under the act of 1913, the parties are entitled to be heard and to present evidence as in common-law arbitrations, and the competency of the appraisers is to be determined by the rules applied in determining the competency of common-law arbitrators.

**Appraiser need not be expert.**
  3. While it is desirable that appraisers be familiar with the matters and things which they are called upon to appraise, the mere fact that they are not experts in the line of business to which such matters pertain is not, alone and in itself, sufficient to sustain a charge of incompetency.

This court granted its writ of certiorari to review an order of the district court for Ramsey county, Brill, J., denying the application of the American Central Insurance Co. and six other insurance companies, in accordance with Laws 1913, p. 619, c. 421, to appoint a competent, disinterested and impartial umpire to act with C. S. Silk, who had been selected by them to act as their appraiser, to act with him as a board of appraisers to determine the amount of loss to certain merchandise belonging to the Knox-Burchard Mercantile Co. Order affirmed.

*Todd & Kerr,* for relators.

*O'Brien, Young & Stone,* for respondent.

TAYLOR, C.

A stock of clothing and men's furnishing goods belonging to the Knox-Burchard Mercantile Co. of St. Paul, and insured under policies containing the provision as to appraising losses required by chapter 421, p. 619, Laws of 1913, was damaged by fire on February 9, 1914. The insurers and the insured disagreed as to the amount of the loss. The policy provides that in such an event the loss shall "be ascertained by two competent disinterested and impartial appraisers," one to be selected by the insurer and the other by the insured. The two appraisers chosen by the parties are to select an umpire; but, if they fail to agree upon the umpire within five days, he may be appointed by the presiding judge of the district court upon the application of either party. The policy further provides that if either party fails to select an appraiser within the time pre-

scribed, the other appraiser and the umpire may act as the board of appraisers. The insurers demanded an appraisal in accordance with the terms of the policy, and designated C. S. Silk as the person appointed by them to make the same. Thereafter and within the specified time, the insured designated George R. O'Reilly, a practicing attorney residing in St. Paul, as the person appointed by the insured to make such appraisal. The insurers, claiming that O'Reilly was not competent to act as an appraiser, refused to recognize him as such; and, upon the theory that his appointment was a nullity, applied to the district court, as soon as sufficient time had elapsed to permit them to do so, for the appointment of an umpire to act in conjunction with Silk in making the appraisement. At the hearing the case was submitted to the court upon an agreed statement of facts, and the claim that O'Reilly was incompetent as an appraiser is based wholly upon the facts stated in the following excerpt from the stipulation: "That this application for the appointment of an umpire to act with said C. S. Silk in appraising the said loss suffered by said assured is based solely on the claim that said George R. O'Reilly is not a *competent* person to act as appraiser, because he is an attorney at law, and never has been a dealer in men's clothing or furnishings, and on the further claim that, being thus incompetent, the appointment of said George R. O'Reilly was a nullity, amounted to a failure on the part of the assured to select an appraiser." The district court denied the application of the insurers and they brought the matter before this court by writ of certiorari.

Unless it appears that O'Reilly was not eligible for the position of appraiser, the action of the district court was correct. The contention that he was not eligible is based solely upon the ground that "he is an attorney at law, and never has been a dealer in men's clothing or furnishings." The insurers, in effect, assert that a person to be competent as an appraiser must possess expert knowledge concerning the matter which he is called upon to appraise and determine, and that an appointment of a person as appraiser who lacks such expert knowledge may be ignored and treated as a nullity. It is perhaps true that, if one party designates as an appraiser a person who is not eligible for that position, the other party may decline to

recognize him as such, but, if he do so, he assumes the burden of showing that such appointee is, in fact, ineligible.

It has long been common for fire insurance policies to contain a provision that the amount of loss shall be ascertained by an appraisement to be made as provided in the policy. Similar provisions are frequently found in other forms of contract. Notwithstanding the different wording of such agreements as found in different contracts, the appraisements made thereunder have generally been considered as in the nature of common-law arbitrations, and as governed by the rules applying to such arbitrations, except as otherwise expressly provided. This state has always adopted that view of the law. The rules governing arbitrations have been applied to proceedings for determining the amount of loss under insurance policies, and for making appraisements under other forms of contract, irrespective of whether the persons determining such matters were designated as "appraisers," "referees," "arbitrators," or otherwise. Powers Dry Goods Co. v. Imperial Fire Ins. Co. 48 Minn. 380, 51 N. W. 123; Mosness v. German-American Ins. Co. 50 Minn. 341, 52 N. W. 932; Janney, Semple & Co. v. Goehringer, 52 Minn. 428, 54 N. W. 481; Levine v. Lancashire Ins. Co. 66 Minn. 138, 68 N. W. 855; Christianson v. Norwich Union Fire Ins. Soc. 84 Minn. 526, 88 N. W. 16, 87 Am. St. 379; Produce R. Co. v. Norwich Union Fire Ins. Soc. 91 Minn. 210, 97 N. W. 875, 98 N. W. 100; Redner v. New York Fire Ins. Co. 92 Minn. 306, 99 N. W. 886; Schoenich v. American Ins. Co. 109 Minn. 388, 124 N. W. 5.

In several of the cases cited, the persons selected by the parties to determine the matter in dispute were designated as "appraisers" and the third person selected by the appraisers to act with them was designated as "umpire." In this respect the terms used were the same as in the case at bar, yet it has been uniformly held that such boards, whether appointed as "appraisers," "referees," or "arbitrators," must afford the parties a reasonable opportunity to be heard and to present their evidence, and that, although they may make a personal examination of the premises and of the property under proper circumstances, they cannot base the award upon their personal knowledge to the exclusion of pertinent evidence offered by the parties.

In Janney, Semple & Co. v. Goehringer, 52 Minn. 428, 54 N. W. 481, the lessees of certain premises constructed a building thereon. The lease provided that at the expiration of the term the lessors should purchase the building at its fair market value, such value to be determined by three appraisers, one selected by each party and the third by these two. The appraisers were duly appointed, but made their award without giving plaintiffs an opportunity to be heard. It was argued that the award was valid on the ground that the appraisers could determine the value from their own knowledge of the subject-matter, as the contract contained no provision to the contrary. The court, however, held the award void because made without giving plaintiffs an opportunity to be heard, and set it aside, saying: "This submission to appraisers to determine the value of the property which should be paid by the one party to the other, the parties agreeing to abide by such decision, was in the nature of an arbitration, and the rule affording a right of hearing is applicable." The court recognized that in some cases an appraisal might be made solely upon the judgment of the appraisers, but held in effect that it could not be so made in cases in which the appraisers, in addition to fixing the value of specific property, would need to determine other disputed questions, unless the contract provided that the appraisers should act upon their own judgment. And in respect to the appraisement under the lease then in question the court said: "The point of the argument is that the appraisers were not merely to determine the simple matter of the value of specific property, but, necessarily, to construe the contract, and determine its legal effect. In such a case the parties had the same right to be heard before their cause was adjudged as they would have in any general arbitration."

In the case at bar the appraisers must determine many matters other than the mere value of specific property produced before them for examination and appraisal. They must determine the quantity of property covered by the policy and on hand at the time of the fire, the quantity destroyed, the quantity damaged, whether the damage resulted from causes covered by the policy or from other causes not covered thereby, and various other questions, both of law and fact, upon which the parties may differ. Under such circum-

stances the parties are entitled to be heard unless the contract shows that such was not the intention. Janney, Semple & Co. v. Goehringer, supra. The contract contains no provision to the effect that the appraisers shall make the appraisement upon their own judgment without permitting the parties to present their evidence, and the right to be heard and to present evidence in accordance with the rules governing arbitrations has not been surrendered. The duties imposed upon the appraisers do not necessarily require them to be experts, and the contract contains no such requirement, unless it be inferred from the term "competent." In the absence of anything indicating a different intention, this term should be given the same meaning usually given to it when applied to arbitrators. It is undoubtedly desirable that those making an appraisal be familiar with the matters and things which they are called upon to appraise; but, unless so stipulated in the contract, it has never been held, so far as we are aware, that experts only are competent as such arbitrators or appraisers.

The former statute required the policy to provide that the amount of loss, in case of disagreement thereover, should be determined by three disinterested referees to be selected as therein provided. The statute as amended requires the policy to provide that such loss shall be determined by two "competent, disinterested and impartial appraisers," and a "competent, disinterested and impartial umpire," all to be selected as therein provided. The insurers concede that O'Reilly would have been a competent referee under the former statute, but contend that, by changing the statute as above indicated, the legislature changed the former rule to such an extent that the appraisers are now required to be experts qualified to determine the matters submitted to them from their own knowledge and personal examination without the aid of other evidence. They admit, however, that the appraisers must necessarily receive evidence as to the quantity of goods totally destroyed, and other like matters not discoverable by examination. The language used does not require that the construction contended for be given it, and, if the legislature had intended to make any such radical innovation in the former long established and well understood rule, it would have expressed such

intention in unambiguous terms, and would not have left it to be spelled out by the court from such uncertain expressions.

The objection of the insurers was not well taken and the action of the district court is affirmed.