7 F.(2d)—53

## CONTINENTAL INS. CO. OF NEW YORK v. TITCOMB.

(Circuit Court of Appeals, Eighth Circuit. September 4, 1925.)

No. 6950.

1. **Insurance ⊜⇒572—Proceeding by appraisers and umpire to ascertain amount of damages a common-law arbitration.**

Proceedings under clause of Minnesota standard fire policy for ascertaining, by appraisers and umpire, amount of damages, constitute a common-law arbitration.

2. **Insurance ⊜⇒567—Policy voluntary contract, though form prescribed by statute.**

Fire policy, with appraisement provision, is a voluntary contract of parties, though form is prescribed by statute.

3. **Contracts ⊜⇒127(3)—Arbitration clause for ascertaining amount of damages not objectionable, as ousting court's jurisdiction.**

Clause of Minnesota standard fire policy for ascertaining the damages through appraisers and umpire is not open to objection of ousting court's jurisdiction of the case; it leaving all questions of liability, other than amount of damages, open for judicial decision.

4. **Insurance ⊜⇒574(1)—Grounds of attack on arbitrators' award stated.**

Award under loss appraisal clause of Minnesota standard fire policy being governed by rules applicable to common-law arbitration is not open to attack, except on ground that arbitrators went entirely outside scope of submission; it being admitted they were free from fraud, misconduct, and partiality.

5. **Insurance ⊜⇒574(1)—Items in arbitrators' award held not, as matter of law, outside damages specified in use and occupation policy.**

Items included by arbitrators in general award under use and occupation fire policy on restaurant, wages of insured and wife and of cooks during total suspension of business, and temporary decrease in business after resumption, *held* not, as matter of law, outside of elements of damages specified in policy.

In Error to the District Court of the United States for the District of Minnesota; Andrew Miller, Judge.

Action by Harry A. Titcomb against the Continental Insurance Company of New York. Judgment for plaintiff, and defendant brings error. Affirmed.

Nathan H. Chase, of Minneapolis, Minn., for plaintiff in error.

Harry A. Hageman, of St. Paul, Minn., for defendant in error.

Before KENYON and BOOTH, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. This action is brought on a standard "use and occupancy"

policy of insurance for $5,000 on a lunchroom and restaurant conducted by the insured. The liability under the policy was "* * * for the actual loss sustained, consisting of net profits on the business which is thereby prevented, and such fixed charges and expenses pertaining thereto as must necessarily continue during a total or partial suspension of business, and such expenses as are necessarily incurred for the purpose of reducing the loss under this policy, for not exceeding such length of time (commencing with the date of the fire and not limited by the date of expiration of the policy) as shall be required with the exercise of due diligence and dispatch to rebuild, repair, or replace such part of said building and machinery and equipment and stock as may be destroyed or damaged."

The parties being unable to agree as to the amount of damages, appraisers and an umpire were duly appointed under the usual provision on that subject. Their duties are prescribed by the policy as follows:

"The appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and failing to agree, shall submit their differences to the umpire, and the award in writing of any two shall determine the amount of the loss."

The appraiser selected by the insured and the umpire, by their award in writing in due form, fixed the loss at $3,509.80. The other appraiser declined to sign the report. The company refused to pay the award, and the present action was brought by an assignee of the insured. The complaint is in the usual form, setting out the award in full. The answer alleges that the award is invalid, because in the general sum found as damages are included the following items: (1) $868, as wages of the insured and his wife at $10.85 per day for a period of 80 days during the alleged total suspension of business. (2) $345, loss of net profits after resumption of business, being the difference between the net profits before the fire, and the net profits subsequent to the fire, down to the time when the net profits of the resumed business equaled those made before the fire. (3) $740, being the amount allowed as the wages of a day cook and a night cook for 80 days' alleged total suspension of business. The answer charges that these items were allowed "erroneously and by and through a mistake of law," because they do not come within the terms "net profits" and "fixed charges and expenses," as those terms are used in the policy.

The plaintiff moved for judgment on the pleadings. For the purposes of the motion, defendant admitted the assignment of the claim, and that the above defenses could only be proven by the testimony of the nonconcurring appraiser. It is also admitted in the brief that the umpire and appraiser were not chargeable with either fraud, misconduct, or partiality. The motion was granted, and defendant brings error.

[1] Some authorities make a distinction between an appraisement and an arbitration (Phœnix Ins. Co. v. Everfresh Co. [C. C. A.] 294 F. 51), but the Supreme Court of Minnesota has uniformly held that these proceedings to ascertain the amount of damages under standard policies constitute a common-law arbitration. It says in McQuaid Market House Co. v. Home Ins. Co., 147 Minn. 254, 257, 180 N. W. 97, 98:

"The appraisement of the loss provided for by this and other standard form policies takes the form of the common-law arbitration, and the procedure of inquiry and investigation, together with the award and its contents, are governed by the general rules of law upon that subject."

See, further, American Central Ins. Co v. District Court, 125 Minn. 374, 147 N. W. 242, 52 L. R. A. (N. S.) 496.

[2] It is also true that the policy with the appraisement provision is a contract voluntarily made by the parties, notwithstanding the form is prescribed by the statute. Phœnix Co. v. Everfresh Co. (C. C. A.) 294 F. 51; Kollitz v. Insurance Co., 92 Minn. 234, 99 N. W. 892; Dunton v. Westchester Ins. Co., 104 Me. 372, 71 A. 1037, 20 L. R. A. (N. S.) 1058; Ebner v. Ohio State Ins. Co., 69 Ind. App. 32, 121 N. E. 315.

[3] The provision of the policy for ascertaining the damages by arbitration is not open to the objection that it ousts the court's jurisdiction of the cause. It simply determines the amount of the damages, leaving all other questions of liability open for judicial decision. Kollitz v. Insurance Co., 92 Minn. 234, 99 N. W. 892.

[4] The award, being governed by the rules applicable to a common-law arbitration, and being considered with the above admissions of the defendant, is not open to attack, except upon the ground that the arbitrators went entirely outside the scope of the submission.

[5] Speaking of the duty and power of appraisers under a standard fire loss policy, the Supreme Court of Minnesota says in American Central Insurance Co. v. District Court, 125 Minn. 374, 378, 147 N. W. 242, 244:

"In the case at bar the appraisers must determine many matters other than the mere value of specific property produced before them for examination and appraisal. They must determine the quantity of property covered by the policy and on hand at the time of the fire, the quantity destroyed, the quantity damaged, whether the damage resulted from causes covered by the policy or from other causes not covered thereby, and various other questions, both of law and fact, upon which the parties may differ."

This quotation points to the fatal defect in the alleged error upon which defendant relies. The award itself is general. The defenses rest wholly upon the claim that the arbitrators erroneously and by and through "mistake of law" included the items complained of, because those items are not within the scope of the elements of damage specified in the policy as above quoted; but a comparison of these items with that language shows clearly that they might all properly be brought within its terms. Certainly, whether the items should be so included was not a question of law, but a question of fact, or at most a mixed question of law and fact. There is no charge that the appraisers did not act in perfect good faith in including the items. They all fall within the general language of the coverage of the policy. They certainly are not so remote that reasonable minds might not arrive at the same conclusion as the arbitrators. Reading the language, and examining the items, and guided by processes of mere abstract reasoning one might have some doubt as to some of the items; but every presumption is in favor of the validity of the award, and we must assume that in the light of the practical experience of the appraisers, and of the evidence which was produced before them, it was made manifest that the items properly fell within the terms of the policy. If reasonable minds, comparing the hazard and the items, could not say that the latter were included in the former, it would probably be the duty of the court to set the award aside. This record fails to establish such a case.

The language of the Supreme Court in Burchell v. Marsh, 17 How. 344, 349, 15 L. Ed. 96, is appropriate to the present case:

"If the award is within the submission, and contains the honest decision of the arbitrators, after a full and fair hearing of the parties, a court of equity will not set it aside for error, either in law or fact. A contrary course would be a substitution of the judgment of the chancellor in place of the judges chosen by the parties, and would

make an award the commencement, not the end, of litigation. * * * Courts should be careful to avoid a wrong use of the word 'mistake,' and, by making it synonymous with mere error of judgment, assume to themselves an arbitrary power over awards. The same result would follow if the court should treat the arbitrators as guilty of corrupt partiality, merely because their award is not such an one as the chancellor would have given. We are all too prone, perhaps, to impute either weakness of intellect or corrupt motives to those who differ with us in opinion."

Kaplan v. Niagara Fire Ins. Co., 73 N. J. Law, 780, 65 A. 188, was an attempt by the insured to invalidate an award under a policy whose provisions are identical with those in the present case, on the ground that the arbitrators had omitted an item which was included in the submission. The court declined to receive evidence on the subject, and the Court for the Correction of Errors and Appeals affirmed the action, holding that an award could not be impeached upon any such ground.

The judgment is affirmed.