### J. H. DUFRESNE v. THE MARINE INSURANCE COMPANY, LTD.[1]

December 21, 1923.

No. 23,535.

**Action to set aside award of appraisers and to recover under policy—departure—verdict.**

An insurance policy provided that, in case of loss by theft of the automobile covered, if the parties could not agree on the amount, there should be an appraisal thereof by three disinterested persons.

[1] Reported in 196 N. W. 560.

An appraisal was had without notice to or knowledge of the insured. In this action, to set aside the award and to recover the loss it is *held:*

(1) That the evidence sustains the finding that there was no notice given plaintiff of the meeting of the appraisers and that he intended to be present and offer evidence, but was not afforded the opportunity.

(2) In such appraisals the parties are entitled to a hearing and an opportunity to present evidence, and one made in violation of this right should be set aside, except where it is shown that the appraisers were selected as experts to make the appraisal entirely upon their own knowledge and skill, or else that the party attacking the award waived a hearing.

(3) The evidence does not bring the appraisal within either exception.

(4) By insisting upon the validity of the award both before and after suit defendant waived informality in the proof of loss and the right to another appraisal.

(5) The action being to set aside the appraisal and for recovery of the loss under the policy, and the answer interposing the validity of the appraisal as a defense, there was no departure in the reply by pleading a waiver of the conditions precedent to suit such as the failure to furnish proof of loss also alleged as a defense in the answer.

(6) The actual loss as fixed by the jury has evidence to sustain it and cannot be disturbed by this court.

Action in the district court for Stearns county to set aside an award and to recover $1,200 on defendant's insurance policy. The case was tried before Roeser, J., who made findings, found the value of plaintiff's car to be $1,200, as decided by the jury, vacated the award and ordered judgment for $1,200. From the judgment entered pursuant to the verdict and order for judgment, defendant appealed. Affirmed.

*Harold G. Simpson* and *Paul S. Carroll,* for appellant.

*Stewart & Stewart,* for respondent.

HOLT, J.

Plaintiff's automobile was insured by defendant against theft. It was stolen. The policy provided for an appraisal of the loss by three disinterested persons, one to be named by the assured, one by

the assurer, and the two to name a third. This was done. The appraisers met and determined plaintiff's loss to be $600. Plaintiff was not informed of the meeting and was not present or represented thereat. He sued, asking that the award be set aside upon the ground, among others, that he had had no opportunity to present his case to the appraisers, and also that he recover the actual loss sustained. The amount of the loss was submitted to a jury. Their verdict was $1,200, the amount for which the car was insured. The court made findings, setting aside the award and directing judgment to be entered in favor of plaintiff for $1,200, the loss as fixed by the jury. Defendant appeals from the judgment.

The main controversy centers around the validity of the appraisal. Defendant contends that the appraisers selected were experts who could decide the amount of the loss without notice to the parties or a hearing, and, even if not so, that the plaintiff waived notice and a hearing before the appraisers. Admittedly he was not present. He lived in St. Cloud; the appraisers in Minneapolis. The law appears to be well settled that in appraisals under the provisions of insurance policies the parties are entitled to be heard and to an opportunity to present evidence. Schreiber v. German Am. Hail Ins. Co. 43 Minn. 367, 45 N. W. 708; Mosness v. German-Am. Ins. Co. 50 Minn. 341, 52 N. W. 932; Janney, Semple & Co. v. Goehringer, 52 Minn. 428, 54 N. W. 481, approving the rule stated in R. O. Wood & Co. v. Helme, 14 R. I. 325; Schoenich v. American Ins. Co. 109 Minn. 388, 124 N. W. 5; Am. Central Ins. Co. v. District Court, 125 Minn. 374, 147 N. W. 242, 52 L. R. A. (N. S.) 496; Carlston v. St. Paul F. & M. Ins. Co. 37 Mont. 118, 94 Pac. 756, 127 Am. St. 715; and Aetna Ins. Co. v. Jester, 37 Okla. 413, 132 Pac. 130, as reported and annotated in 47 L. R. A. (N. S.) 1191.

In McQuaid Market House Co. v. Home Ins. Co. 147 Minn. 254, 180 N. W. 97, it was said that an appraisement under a policy such as this "takes the form of the common law arbitration, and the procedure of inquiry and investigation, together with the award and its contents, are governed by the general rules of law upon that subject." And certainly, under common law rules relating to arbitration, the parties are entitled to notice and an opportunity to be heard, as is

also indicated in the opinion just quoted from. See also 2 R. C. L. 379 and Morse, Arbitration & Award, p. 117. Defendant does not dispute this general rule, but contends this case falls within an exception, namely, where persons are so clearly selected as appraisers because of the expert knowledge and skill possessed by them concerning the subject of the appraisal that it is apparent that the parties intended to rely entirely upon their personal knowledge, investigation and judgment. In Continental Ins. Co. v. Garrett, 60 C. C. A. 395, 125 Fed. 589, the rule is thus stated: "If the character of the matter submitted and the arbitrators chosen is such as to justify an inference that the appraisers were selected to act as experts, and adjudge the matter from their own knowledge, it is not essential that notice shall be given or evidence heard unless the submission so provides." Morse, Arbitration & Award, p. 143.

But since the universal idea of a proper determination of a controverted matter between man and man rests upon a fair hearing of both sides, it would seem to follow that an arbitration without such hearing should not be upheld, unless it satisfactorily is made to appear either that a hearing was not contemplated or else that it was waived. The court expressly found that plaintiff did not waive notice of the hearing, and that he expected and intended to be present and give evidence, but was prevented from attending and presenting his evidence because of lack of notice and knowledge of the meeting of the appraisers. The finding is sustained, we think. The claim cannot be successfully maintained that this is a case where no hearing was contemplated either because of the character of the subject to be appraised or because of the expert qualifications of the appraisers selected. Two of the appraisers had never seen the automobile. It could not be produced. They could therefore act only upon information obtained from others. And naturally, in such a case, the owner who has sustained the loss should have an opportunity to adduce evidence as to the value and qualities of the article. There is nothing in the appraisal clause of the policy indicating the selection of experts or negativing a hearing of the parties. Some of the cases cited by defendant do not at all support the contention that a hearing was unnecessary in the instant case. In Vin-

cent v. German Ins. Co. 120 Iowa, 272, 94 N. W. 458, plaintiff was asked by one of the arbitrators to attend, but refused. This, of course, was a waiver of formal notice. In Hall v. Norwalk Fire Ins. Co. 57 Conn. 105, 17 Atl. 356, the arbitrators were selected because of their expert knowledge, and, moreover, it was found that plaintiff accompanied them during examination and investigation of the building, partially destroyed, and gave information concerning it. The same situation appeared in Liverpool and London and Globe Ins. Co. v. Goehring, 99 Pa. St. 13. The architect for the construction of the building was selected to settle a dispute concerning extra and omitted work between the owner and contractor in Wiberly v. Matthews, 91 N. Y. 648, 15 N. E. 438, and in good reason it was contemplated that he should determine the matter upon his own judgment and without a hearing. The same is equally clear in Cobb. v. Dolphin Mnfg. Co. 108 N. Y. 463. The case of Home Ins. Co. v. Walter (Tex. Civ. App.) 230 S. W. 723, supports defendant, but we are not willing to follow that decision.

The technical objection is made that sworn proof of loss had not been presented, and this was a condition precedent to suit by the terms of the policy. Full proof of loss was furnished. It was signed by plaintiff, but not verified, as required by the policy. It was accepted and retained by defendant without objection. Thereby verification was waived. Both parties relied on its sufficiency; the appraisers were selected, and an appraisal was had. This waived any defect in the proof of loss. Jacobs v. St. Paul F. & M. Ins. Co. 86 Iowa, 145, 53 N. W. 101. No question is made of the theft of the car or its loss. Defendant has at all times insisted on the validity of the award as made. Neither prior to suit nor since has there been a request for a new appraisal by it. In that situation when the appraisal was set aside, a recovery for the loss was proper without regard to whether or not the conditions subsequent to loss had been complied with by the insured. Defendant has taken the precise course taken by the insurer in Levine v. Lancashire Ins. Co. 66 Minn. 138, 68 N. W. 855, where it was said [at page 149]: That the insurer's conduct after the insured rejected the award "clearly constituted a waiver of the right to a new appraisement. Not only

did it never ask for or even suggest a new appraisement, but in its communications with plaintiffs it expressly insisted on the award already made, and notified them that any claim under the policy must be on that basis and no other. It took the same position in its answer." So did defendant here. The insistence upon a binding award for a loss necessarily admits that all which is to be performed by the other party up to such award has been fully performed. That must include proper proof of loss. See also Christianson v. Norwich Union Fire Ins. Soc. 84 Minn. 526, 88 N. W. 16, 87 Am. St. 379; Produce Refrigerating Co. v. Norwich Union Fire Ins. Soc. 91 Minn. 210, 97 N. W. 875, 98 N. W. 100.

The complaint having alleged an invalid appraisal, and the answer insisting on its validity, there was no departure by the reply alleging a waiver of a sworn proof of loss, pleaded in the answer as a condition precedent to suit.

The verdict is assailed as excessive. There was evidence that the car was worth more than the sum fixed by the jury, also much less. In that situation it was solely for the jury to settle the amount. When the policy was issued the defendant had information as to the model of the car, the factory price, and the price paid by plaintiff. This was incorporated in the policy as a warranty. There is no claim that it was false. Defendant saw fit to insure the car for $1,200 and accept a premium upon that basis of value. The "blue book" was no doubt as available to defendant then as after loss to ascertain the second hand values of automobiles. The jury cannot be severely censured for adopting the value upon which the premium was accepted.

There is nothing in the record to indicate that the price of automobiles at St. Cloud is materially different from that at Minneapolis, hence no reversible error in the charge in respect to the place of valuation of the loss.

The above considerations dispose of the merits of the appeal, and must result in an affirmance. It is therefore not necessary to discuss other assignments of error.

Judgment affirmed.