## P. S. LEE v. L. O. TYSDAL AND ANOTHER.[1]

May 29, 1925.

No. 24,638.

**When award of arbitrators is void.**
    1. The determination of arbitrators in excess of the scope of their inquiry is void.

**Right of parties to common law arbitration to be heard.**
    2. Arbitrators do not acquire jurisdiction to make an award when they fail to give the parties an opportunity to be heard.

    1. See Arbitration and Award, 5 C. J. p. 124, § 291.
    2. See Arbitration and Award, 5 C. J. p. 84, § 175.

[1]Reported in 203 N. W. 988.

Action in the district court for Ramsey county to enforce an award under a common law arbitration. The case was tried before Olin B. Lewis, J., and a jury which returned a verdict in favor of plaintiff. Defendants' motion for judgment notwithstanding the verdict was granted. Plaintiff appealed. Affirmed.

*Todd, Fosnes & Sterling,* for appellant.

*Joseph J. Granbeck, Edgerton & Dohs,* and *Carl J. Eastvold,* for respondents.

WILSON, C. J.

In 1874 plaintiff entered into an oral partnership agreement with L. O. Tysdal and Osmund Tysdal. Two years later it was dissolved by mutual consent. Plaintiff claimed that no settlement was ever made as to the partnership assets. In April, 1918, L. O. Tysdal (reciting that he was authorized to act for Osmund Tysdal) and plaintiff signed a paper as a submission to arbitration to "settle the old partnership." Each chose an arbitrator and these two selected a third. The three then, upon written statements from the parties, decided that the partnership had been ignored by the Tysdals, and instead of having an accounting they decided that Lee and his wife were entitled to wages for two years in the sum of $600 with interest, totaling $2,112. Tysdal did not see the statement made by plaintiff and his wife, and he was not given an opportunity to present the testimony which he intended to introduce before the board of arbitration. This suit was to recover the amount. A verdict for $2,722.37 was set aside and judgment was granted notwithstanding. This appeal is from the judgment.

1. It is plain that the parties never intended to submit to arbitration anything but the matter of an accounting as to the affairs of the copartnership. When the arbitrators undertook to make an award for wages they exceeded the scope of their inquiry.

2. This was a common law arbitration. The parties were entitled to be heard in the presence of each other; and, for such purpose, were entitled to notice of time and place of hearing. Such arbitration and statutory arbitration are distinguished in Holdridge v. Stowell, 39 Minn. 360, 40 N. W. 259. In case of statutory arbitra-

tion the parties are entitled to be heard, but not necessarily in the presence of each other. Dufresne v. The Marine Ins. Co. 157 Minn. 390, 196 N. W. 560. The parties did not waive this right, and, being excluded therefrom, the arbitrators did not acquire jurisdiction to make an award.

It is unnecessary to consider other questions argued.

Affirmed.