### ENRIGHT v. MONTAUK FIRE INS. CO.

*(Supreme Court, General Term, First Department.   October 16, 1891.)*

1. ARBITRATION—PROCEDURE—HEARING BEFORE UMPIRE.
    The requirement of Code Civil Proc. N. Y. § 2367, that an additional arbitrator or umpire must sit with the original arbitrators on the hearing, and, if testimony has been taken before his selection, the matter must be reheard, unless the hearing is expressly waived, applies only to arbitrations under the Code.

2. SAME—SUBMISSION—APPOINTMENT OF UMPIRE.
    The agreement between insurer and insured for the submission of the latter's damages to arbitration, provided that P. and W., "together with a third person to be appointed by them, if necessary," should make an appraisement, which appraisement "by them, or any two of them, in writing, shall be binding on both parties."  P. and W. selected a third person, assuming that he was to do nothing unless they should disagree, and, as they did not disagree, he in no way participated in the appraisement.  *Held*, that he was only an umpire, to act in case the arbitrators differed, and their choosing him, before any difference arose, did not deprive them of authority to act without him.

-3. SAME—MODE OF APPRAISEMENT.

> There was indorsed on the submission agreement a direction that "the appraisers shall avoid general percentages of damage; a specific damage per yard, pound, bushel, gallon, etc., should be affixed to each article." This indorsement was not signed by anybody. *Held*, that it was not such a part of the agreement as to avoid the appraisement for failure to follow its direction.

Appeal from special term, New York county.

Action by John Enright against the Montauk Fire Insurance Company of the city of Brooklyn to recover for a loss accruing under a policy issued by defendant. Plaintiff appeals from a judgment entered upon a verdict in his own favor directed by the court, and from an order denying a motion for a new trial on the judge's minutes.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Vanderpoel, Cuming & Goodwin*, (*Delos McCurdy*, of counsel,) for appellant. *H. C. M. Ingraham*, for respondent.

BARTLETT, J. The plaintiff insists that he was entitled to a verdict for a larger amount than that which the court directed the jury to find in his favor. The only matter in controversy between the parties upon the trial of the action was the amount of damage done to certain of the plaintiff's machinery which had been insured by the defendant. After the fire the parties entered into a written agreement to submit the question of damage to appraisers. Under this agreement an appraisement was made, and the trial court held that the parties were bound by the action of the appraisers, and that the plaintiff could recover only the amount which they fixed on account of damage to his machinery. The agreement for submission provided that William S. Phillips and William H. Weightman, "together with a third person to be appointed by them if necessary, shall appraise and estimate at the true cash value the damage by the fire to the property belonging to John Enright, as specified in the accompanying schedule, which appraisement and estimate by them, or any two of them, in writing, as to the amount of such loss or damage, shall be binding on both parties." The persons named as appraisers, before making any examination of the damaged property, selected a third person to act with them, if necessary. They assumed, however, that he was not to do anything unless they should disagree between themselves as to the amount of damage. They did not disagree, and the third person thus selected did not participate in any way in the appraisal. The fact that he did not is one of the grounds upon which the appellant insists that the appraisement should have been disregarded. The proceeding was not an arbitration, under the Code of Civil Procedure, and therefore the requirements of section 2367 of the Code did not apply. It is said, however, that this third person was really a third arbitrator, and therefore that no valid award could be made unless he was notified of the time and place of the appraisement, and was invited to join in the deliberations of the other arbitrators. But under the terms of the submission agreement it is quite evident that his position was rather that of an umpire who should act only when the arbitrators differed; and the fact that the arbitrators chose him before any differences had arisen did not, we think, deprive them of their power to act without him, or vest in him all their authority, as is argued by the learned counsel for the appellant. To hold that such was the effect of their action would be to defeat the plain intention of the parties. The plaintiff himself was present when the machinery was examined by Messrs. Phillips and Weightman, and knew perfectly well that they alone were acting, and made no suggestion that the presence and participation of the gentleman whom they had designated as umpire was proper or necessary.

Complaint is also made in behalf of the plaintiff of the manner in which the appraisement was made. There was indorsed upon the submission agreement, or appended to it, a direction in the following words: "The damaged

property must be placed in as good a condition as possible, assorted and arranged. The appraisers will avoid general percentages of damage; a specific damage per yard, pound, bushel, gallon, etc., should be affixed to each article. None but damaged articles are to be inventoried on this sheet. Goods damaged by removal must be specified separately." The appraisers did not assign a specific amount of damage to each article named in the schedule; but we do not think they were bound to do so. It does not appear that the direction which has been quoted formed any part of the submission agreement; it was not signed by anybody; and, at all events, it did not form such a part of the agreement as to render the action of the arbitrators void because they did not pursue in detail the method which was prescribed therein. We have carefully examined the testimony as to what they actually did, and find nothing to indicate that the examination was not honest, fair, and sufficiently complete and accurate for all practical purposes. A difference of opinion did indeed arise between them and the plaintiff as to whether their examination of the dies was sufficient, but their testimony tends strongly to show that it was, and the mere fact that the plaintiff thought otherwise would not justify the trial court in holding that the appraisement was not binding between the parties. We see no reason to interfere with the result reached in the court below, and think that the judgment appealed from should be affirmed. All concur.