MITCHELL VINCENT, Appellee, v. THE GERMAH INSURANCE COMPANY OF FREEPORT, ILLINOIS, Appellant.

Insurance: SETTING ASIDE AWARD: RECOVERY OF LOSS.    A suit in
1   equity may be maintained to set aside an award of arbitrators of the amount of loss under a policy of insurance and to recover judgment for the loss.

Arbitration: UMPIRE: AWARD.    Where an arbitration agreement
2   requires an umpire to act in case of disagreement and no difference appears, nonparticipation by the umpire will not invalidate the award.

Award: DELAY. Where arbitrators were appointed March 2d · and made their award July 28th of the same year, there is no such delay as will invalidate the award.

Award: MISTAKE OF JUDGMENT. Mistake of judgment on the part of arbitrators will not invalidate an award unless so great as to indicate bias.

Notice of Arbitration: WAIVER. A party to an arbitration, who notifies an arbitrator that he will not attend and refuses the request of the arbitrator to attend, waives his right to notice of time and place of meeting.

Arbitration: FAILURE TO TAKE EVIDENCE. Arbitrators who ·are appointed to "ascertain and appraise" the value of, and loss upon the property, are not required to take evidence, and failure so to do will not invalidate the award.

*Appeal from Monona District Court.*—HON. GEO. W. WAKEFIELD, Judge.

SATURDAY, APRIL 11, 1903.

SUIT in equity to set aside an award made by appraisers selected by the parties to this suit to determine the amount of plaintiff's loss under a policy of insurance held by him in the defendant company upon a house in the town of Onawa; and to recover the amount of the loss actually sustained. The material issues will be stated in the body of the opinion. The case was tried to the court, resulting in a decree and judgment for plaintiff in the sum of $626.60, and defendant appeals.—*Reversed.*

*Sullivan & Sullivan* and *J. W. Anderson* for appellant.

*Mackenzie & Ryan* and *C. E. Underhill* for appellee.

DEEMER, J.—A great many questions are argued which do not seem to be material, or, if material, are not properly presented. The policy was issued June 18, 1897, and the fire occurred November 6, 1897; resulting in a partial destruction of the premises insured. The policy provided,

among other things, that "it is expressly agreed that the amount of any loss or damage sustained by the assured to any of the property hereby insured, shall, at the written request of either party, made prior to the time when said loss or damage shall become due and payable under the terms of the contract, be submitted to three disinterested and impartial appraisers, to be selected, one by the assured and one by the company and a third by the two already provided for, the award or appraisal of any two of whom, in writing and under oath, shall be binding on the assured and this company as to the amount of loss or damage only, and shall not decide the liability of this company under this policy, nor be deemed a waiver by this company of its right to contest in the courts its legal liability for any cause to pay the amount so appraised; and such written request shall designate a time and place for holding such appraisal and for selecting such appraisers. No suit against the company for the recovery of any claim or loss under this policy shall be sustainable in any court of law or chancery until an award shall have been made, showing the amount of loss, when either party have demanded as aforesaid an appraisal; and said appraisal and award shall be a condition precedent to any liability whatever upon the part of this company."

After the loss occurred an adjuster visited the premises and attempted to adjust the loss, but was unable to do so. He thereupon, and on the 10th day of February, 1898, gave notice that he should rely on the arbitration clause of the policy, named an arbitrator, and fixed the date when the parties should meet to arbitrate as February 21, 1898. Plaintiff responded to this, requesting a postponement until February 28th, or later, and asked the company to prepare a stipulation for arbitration. On the 2d day of March, the parties met and signed an arbitration agreement, which, among other things, provided "that John H. Harte and B. H. Freeland shall appraise and ascertain the

sound value of, and the loss upon, the property damaged and destroyed by fire of November 7th, 1897, as specified below." "Provided that the said appraisers shall first select a competent and disinterested umpire who shall act with them in matters of difference only. The award of two of them, made in writing in accordance with the agreement, shall be binding upon both parties to this agreement as to the amount of such loss. It is expressly understood that this agreement and appraisement is for the purpose of ascertaining and fixing the amount of sound value and loss and damage only to the property hereinafter described and shall not determine, waive or invalidate any other right or rights of either party to this agreement. The property on which the sound value and the loss are to be determined is as follows, to wit: The one and one-half story frame dwelling house situated on the northwest corner of block seventy-two in Onawa, Iowa. It is further expressly understood and agreed that in determining the sound value and the loss and damage upon the property, hereinbefore mentioned, the said appraisers are to make an estimate of the actual cost of replacing or repairing the same, or the actual cash value thereof, at and immediately preceding the time of the fire, and in case of depreciation of the property from use, age, condition, location or otherwise, a proper deduction shall be made therefor." '

It was afterward discovered that Freeland, who had been named by plaintiff, was a relative; and on the 3d of March plaintiff wrote, requesting that one Messing be substituted in place of Freeland. On the 28th day of July the appraisers met, and duly subscribed to an oath to perform their duties as such. They also appointed one Clarke, of Sioux City, Iowa, an umpire, and on the 29th day of July, after inspecting the property, made the following award: "To the Parties in Interest: We have carefully examined the premises and remains of the prop-

erty hereinbefore specified, in accordance with the foregoing appointment, and have determined the sound value to be twelve hundred dollars and the loss and damage to be two hundred seventy dollars and thirty-six cents. Witness our hands this 29th day of July, 1898. John H. Harte. Gotlieb Messing." There seem to have been no differences between these arbitrators or appraisers, and they did not call upon the umpire, Clarke. Indeed, Clarke never left his home, at Sioux City. Plaintiff was not content with the award and commenced action against the company February 11, 1899, by serving notice upon the Auditor of State, under statutes providing for such service. The original petition was filed April 5, 1899, but the amended and substituted one, on which the case was tried, was not filed until October 16, 1899. On June 6, 1901, and after the cause had been submitted to the court, an amended reply was filed, which attacked the arbitration because no notice was given plaintiff thereof. A motion was made to strike this reply, which was overruled; but, as defendant assigns no error on the ruling, this order cannot be reviewed.

Much is said in argument with reference to rulings of the court in transferring and in refusing to transfer the case from one docket to the other; but as no exceptions were taken to these rulings, and no errors are assigned thereon, these matters cannot be considered. The case was tried as in equity, and will be treated here as an equity cause.

Before the case was tried, defendant offered to confess judgment for the amount of the award, with costs to date of offer, but this was refused. It is contended that no action would lie until the award or appraisal had been set aside. This is a suit to set it aside, and to recover judgment for the amount of the loss. In view of the record presented to the trial court, it had the right not only to pass upon the

1. SETTING aside award: recovery for loss.

validity of the award, but, in the event it concluded to set it aside, to render judgment for the amount of the loss under the policy. Further, it is argued that defendant was entitled to a jury trial to determine the amount of the loss. This question is not properly presented, for the reason that the cause was transferred to the equity docket on motion of the plaintiff, and defendant took no exception to the ruling.

Next it is contended that the court erred in setting aside the appraisal or award, and this contention presents the controlling point in the case. Plaintiff says that the award was invalid for many reasons, but the following are the only ones which have any support in the evidence; (1) because Clarke was not notified of the hearing, and did not participate in the award; (2) for unreasonable delay in making the award; (3) for mistake and misconduct of the arbitrators; (4) because the arbitrators did not give plaintiff notice of the time and place where they should meet; (5) because the allowance made by the arbitrators was unreasonable and inadequate.

There is no merit in the first contention, for the reason that, according to the terms of the arbitration agreement, the umpire was not required to act unless there was some dispute between the other two. *Keans v. Rankin*, 2 Bibb, 88; *Enright v. Ins. Co.* (Sup) 15 N. Y. Supp. 893.

2. ARBITRA-TION: umpire: award.

As to the second, there was no such delay as will avoid the award. *Nichols v. Insurance Company*, 22 Wend. 125.

3. AWARD; delay.

The fifth ground is not supported by the evidence. While we might not be able to agree with the appraisers in the amount found by them, there is no such inadequacy in itself as to justify us in disturbing their findings.

Mistake of judgment on the part of the arbitrators is not ground for setting aside an award, unless such mistake be so great as to indicate *partisan bias*. *Thornton v.*

*McCormick*, 75 Iowa, 285; *Burchell v. Marsh*, 17 How. 350

4. AWARD: mistake of judgment. (15 L. Ed. 96); *Robbins v. Clark*,129 Mass. 145; *New York Lumber Co. v. Schnieder*, 119 N. Y. 475 (24 N. E. Rep. 4); *Michels v. Ins. Co.*, 129 Mich. 47 (89 N. W. Rep. 56). If this were not the rule, arbitration would be a useless ceremony, for we rarely find parties content with the award. In order to justify a court in setting aside an award, the misconduct or other ground of impeachment must be made out by clear and satisfactory evidence. *Tomlinson v. Hammond*, 8 Iowa, 40; *Thompson v. Blanchard*, 2 Iowa, 44; *Mosness v. German Ins. Co.*, 50 Minn. 341 (52 N. W. Rep. 932). Every reasonable presumption will be indulged in favor of the award.

With reference to failure to give notice, plaintiff has shown that no notice was given him, but it is undisputed that he told the appraiser appointed by him that he would

5. NOTICE of arbitration: waiver. not attend; that he did not want anything to do with it. This arbitrator also testified that he asked plaintiff to attend the arbitration, but that plaintiff refused to do so. This clearly amounted to a waiver of notice, and authorized the arbitrators to proceed without plaintiff's presence. *Cogswell v. Cameron*, 136 Mass. 518; *Fudickar v. Ins. Co.*, 62 N. Y. 392.

We have left but one question, and that the alleged mistake and misconduct of the arbitrators. Claim is made that they refused to hear evidence. It is true that they

6. ARBITRATION: failure to take evidence. did not take testimony, but they were not selected for that purpose. They were to ascertain and appraise "the sound value of, and the loss upon, the property damaged." To appraise is to estimate value, and we have no doubt that these arbitrators or appraisers were selected to make an appraisement, and not to hear evidence. The men selected by the parties were experienced contractors and builders, and the terms of the contract clearly indicate that an appraisal, only, was contemplated. That such an agreement is good, and that no

notice to the parties is required in such cases, see *James v. Schroeder*, 61 Mich. 28 (27 N. W. Rep. 850); *Cobb v. Dolphin Mfg. Co.*, 108 N. Y. 463 (15 N. E. Rep. 438). We are not to be understood as holding that such arbitrators may not take evidence. All that we now decide is that their failure to do so under such a state of facts as are here presented will not avoid the award. The testimony leaves no doubt in our minds that neither party expected or intended to introduce evidence before the arbitrators. This simply adds strength to our conclusions regarding the proper construction of the agreement for arbitration or appraisal. See, also, *Canfield v. Watertown Co.*, 55 Wis. 419 (13 N. W. Rep. 252); *Hall v. Norwalk Co.*, 57 Conn. 105 (17 Atl. Rep. 356); *Bangor Sav. Bank v. Ins. Co.*, 85 Me. 68 (26 Atl. Rep. 991, 20 L. R. A. 650, 35 Am. St. Rep. 341); *Cobb v. Dolphin Mfg. Co.*, 108 N. Y. 463 (15 N. E. Rep. 438).

It is said that the arbitrator selected by the defendant had great influence over the plaintiff's appraiser, and that he practically hypnotized him. There is no evidence of any such claim. Indeed, the testimony is distinctly to the contrary.

But it is also said that the arbitrators failed to take into consideration a material part of the loss. This is not true. They may not have estimated the damage high enough, but they went over the entire premises, and made their estimates after careful examination.

Further, it is contended that arbitration or appraisal was not a condition precedent to the bringing of suit. One of the conditions of the policy quoted clearly negatives this thought. See *Dee v. Ins. Co.*, 104 Iowa, 167; *Zalesky v. Ins. Co.*, 108 Iowa, 341.

About all there is in the case is that plaintiff was dissatisfied with the amount of the award, and now seeks to avoid it, and to have the matter submitted to some other tribunal. Arbitrations are favored in law, and an award, when made, will be upheld, unless the evidence clearly

shows such misconduct or mistake on the part of the arbitrators as to justify a court in setting it aside. No such showing is made in this case.

Appellee's counsel rely strongly on *Adams v. Ins. Co* , 85 Iowa, 6. But that case is clearly distinguishable from the one now before us. There the arbitration and award was not pleaded as a common-law arbitration. Here it was. And while the arbitration here did not distinctly follow the provisions of the policy, the agreement was valid as a common-law arbitration, and plaintiff could not withdraw therefrom without cause after the award was made. *Harrison v. Hartford Co.*, 112 Iowa, 77; *Coon v. Allen;* 156 Mass. 113 (30 N. E. Rep. 83).

The decree must be reversed, and the cause remanded to the lower court for judgment for the amount of the award, with interest. Plaintiff will pay the costs of the appeal.—REVERSED.