## LEVIN v. NORTHWESTERN NAT. INS. CO. OF MILWAUKEE.

(Circuit Court, N. D. Iowa, W. D.    March 15, 1911.)

No. 276, in Equity.

1. INSURANCE (§ 574*)—ARBITRATION—DAMAGE TO BUILDING—INADEQUACY OF AWARD.

Mere inadequacy of the amount of an award for a fire loss under a policy, or a mistake of judgment on the part of the arbitrators in arriving at the sum to be allowed, is not sufficient to authorize a court to interfere with the award, unless the inadequacy is so great as to indicate corruption or partisan bias on the part of the arbitrators.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1430–1434; Dec. Dig. § 574.*]

2. INSURANCE (§ 570*)—ARBITRATORS—QUALIFICATIONS.

Where an arbitrator selected by an insurance company to pass on an insurance loss had no interest in the result, was a contractor of large experience, well acquainted with the cost of buildings and building material, and had acted for the assured in some cases and for the insurer in others, and there was no evidence to impugn his honesty or integrity, or to show that he acted from improper motives in making the award, he was not disqualified because he had been selected at different times by different insurance companies, and in some instances by the defendant, to act as arbitrator for them in similar cases.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1426; Dec. Dig. § 570.*]

In Equity. Bill by Hyman Levin against the Northwestern National Insurance Company of Milwaukee to set aside an award of arbitrators. Dismissed.

See, also, 146 Fed. 76.

Henderson & Fribourg, for complainant.
Guernsey, Parker & Miller, for defendant.

REED, District Judge. This suit is to cancel and set aside an award of arbitrators fixing the amount of damage to complainant's building, insured by the defendant, upon the ground of the fraud of the defendant in procuring their appointment, the inadequacy of the award, and that the arbitrator selected by the defendant was not a disinterested person, but one employed by defendant and other insurance companies regularly for the purpose of acting as an arbitrator in cases like the present. In the brief of counsel for complainant it is said:

"The questions to be determined are: (1) Is the award so grossly inadequate as to warrant its being set aside? and (2) was the arbitrator selected by the defendant such a disinterested arbitrator as required by the terms of the policy and the agreement of the parties?"

There is no substantial evidence of any fraud or improper conduct upon the part of the defendant in procuring the appointment of the arbitrators, or misconduct upon their part in making the award, and this question is dismissed without further consideration.

The estimates of the amount of damage to complainant's building by the fire, as made by the witnesses called by him, varies; the lowest exceeding by several hundred dollars the amount of the award. But mere inadequacy in the amount, or mistake of judgment upon the part of the arbitrators in arriving at the same, is not sufficient to warrant the court in interfering therewith, unless it be so great as to indicate corruption or partisan bias on the part of the arbitrators. Burchell v. Marsh, 17 How. 350, 15 L. Ed. 96; Vincent v. German Insurance Co., 120 Iowa, 272, 94 N. W. 458.

In Burchell v. Marsh, above, Justice Grier, speaking for the court, said:

"Arbitrators are judges chosen by the parties to decide the matters submitted to them, finally and without appeal. As a mode of settling disputes, it should receive every encouragement from courts of equity. If the award is within the submission, and contains the honest decision of the arbitrators, after a full and fair hearing of the parties, a court of equity will not set it aside for error, either in law or fact. A contrary course would be a substitution of the judgment of the chancellor in place of the judges chosen by the parties, and would make an award the commencement, not the end, of litigation. In order, says Lord Thurlow (Knox v. Symmonds, 1 Ves. 369), 'to induce the court to interfere, there must be something more than an error of judgment, such as corruption in the arbitrator, or gross mistake, either apparent on the face of the award, or to be made out by the evidence; but, in case of mistake, it must be made out to the satisfaction of the arbitrator, and that, if it had not happened, he should have made a different award.' Courts should be careful to avoid a wrong use of the word 'mistake,' and, by making it synonymous with mere error of judgment, assume to themselves an arbitrary power over awards. The same result would follow if the court should treat the arbitrators as guilty of corrupt partiality, merely because their award is not such an one as the chancellor would have given. We are all too prone, perhaps, to impute either weakness of intellect or corrupt motives to those who differ with us in opinion."

The evidence falls far short of bringing this case within the rule so established. The only ground upon which it is claimed that the ar-

bitrator selected by the defendant was not disinterested is that he has been selected at different times by different insurance companies, and in some instances by this defendant, to act as arbitrator for the companies in cases similar to this. There is not the slightest evidence to impugn his honesty or integrity, or that he acted from improper motives in making this award, or that he had any interest in the result. He is a contractor of large experience, well acquainted with the cost of buildings and building material, and has acted for the assured in some cases as well as for the insurer in others. He resides in Omaha, Neb., and the complainant in Sioux City, Iowa, and the building damaged was located in Sioux City. The complainant arbitrator also resides in Sioux City, and is an acquaintance of the complainant. It was hardly to be expected that defendant would select a neighbor of the complainant; and the fact that it selected one from a neighboring city, who had previously acted upon several occasions in a like or similar capacity for other insurance companies, or for the defendant and also for the assured in other cases, does not disqualify him. On the contrary, it speaks for his competency to act in such capacity. Michels v. Insurance Co., 129 Mich. 417, 89 N. W. 56; Robertson v. Lion Insurance Co. (C. C.) 73 Fed. 928.

The complainant has the burden of sustaining the allegations of his bill. In this he has wholly failed, and it must be dismissed, at his costs. It is ordered accordingly.