CROSBY, Respondent, *v.* STATE BOARD OF HAIL INSUR-
ANCE, Appellant.

(No. 8,264.)

(Submitted June 22, 1942. Decided September 21, 1942.)

[29 Pac. (2d) 99.]

*Mr. John W. Bonner,* Attorney General, and *Mr. Clarence Hanley,* Assistant Attorney General, for Appellant, submitted a brief; *Mr. Hanley* argued the cause orally.

*Mr. C. C. Guinn,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

Plaintiff, whose crop was insured under the provisions of Chapter 39, Revised Codes 1935, by the State Board of Hail Insurance, brought this action against the Board to recover the sum of $2,200, that sum being the amount of loss he claimed to have sustained by reason of a hail storm on the 21st day of June, 1940. Trial was had before a jury and verdict rendered in favor of the plaintiff in the sum of $1,100, and judgment was entered in accordance with the verdict. From the record these facts appear:

Within the time provided in the statute after the hail storm in question, plaintiff notified the Board of his loss. Subsequently, as provided in section 359, Revised Codes, one of the Board's regularly appointed appraisers inspected the damaged crop and appraised the loss at less than 5%. Plaintiff, being dissatisfied, appealed to the Board pursuant to section 360; a second adjuster inspected the damaged crop, and he too found the loss to be less than 5%. Plaintiff then proceeded, under a provision of the latter section, to make demand for an arbitration.

Because the determination of this cause hinges entirely on the provisions for arbitration found in section 360, we quote the relevant portion in full: "In case the party that has sustained the loss is dissatisfied with and refuses to accept the adjustments made by the official appraisers then he shall have the right to appeal to the state board of hail insurance, * * *. In case the adjuster who makes the second appraisal fails to secure an agreement the claimant shall then appoint one disinterested person as appraiser, and the official appraiser shall appoint another person as appraiser, and the two shall select a third disinterested person, and the three shall then proceed to adjust the loss in the same manner as specified in section 359 and the judgment of the majority shall be the judgment of said appraisers *and shall be binding upon both parties as the final determination* of said loss; * * *"

In carrying out its obligation under this quoted portion of section 360, the board, acting through its adjuster who first

appraised the loss appointed as the Board's member of the arbitration board the adjuster who made the second appraisal of the loss. Plaintiff objected to that appointment on the ground that the person so named was not qualified to act upon the arbitration board. Some question appears as to the plaintiff's compliance with the provisions of the Act in making any appointment, but that is here immaterial as will later be seen. No arbitration was had by reason of the facts set out, and this suit was subsequently filed.

Defendant Board first raises the question of the right of the plaintiff to bring suit against it, on the theory that the Board is exercising part of the sovereign power of the state, and thus cannot be sued without its consent. That and other questions raised need not be discussed, for the case must be determined on the basis of the provisions of Chapter 39.

The briefs of both parties are devoted very largely to the question whether or not an arbitration under section 360 is a condition precedent to the filing of suit. An examination of that section reveals that arbitration is more than a mere condition precedent to the institution of an action; it is the sole remedy afforded either party after a failure to agree on the amount of the loss after the second appraisal. It provides that the judgment of the board of arbitration "shall be binding upon both parties as the final determination of said loss." By this language the legislature has made the statutory remedy exclusive. When plaintiff chose to insure his crop under the provisions of this chapter, he necessarily agreed to be bound by all of the provisions of the Act which apply to him, and is therefore limited to the statutory remedy.

Some argument is made by respondent that the Board has waived any right to demand arbitration as a condition precedent to suit or to insist that it is the sole remedy under the statute by appearing and answering, and by its failure to plead the provision of the statute as a bar. The powers of the Board are purely statutory, and even though it be said

that it attempted to waive the requirement for arbitration, such waiver would be of no effect since it would be beyond the power of the Board to do so under the statute.

The question then presented resolves itself into the matter ▮▮▮ of who may act on the board of arbitration provided by the statute. Plaintiff urges, as we have said, that the person nominated by the Board was not a proper person to act as a member of the board of arbitration. With this view we agree. The Act provides that after the insured refuses to accept the adjustment "made by the *official appraisers*," he shall appoint a disinterested person and the "official appraiser shall appoint another person as appraiser, * * *." This language indicates plainly the legislative intent to preclude the appointment of the second adjuster to this board. He has already acted as an official appraiser and is one of the official appraisers within the language of section 360. The use of the words "another person" in designating whom the official appraiser shall appoint unquestionably excludes both of the official appraisers who have inspected the crop in question. The Board, therefore, upon the notice of appeal should, acting through its official appraisers, have nominated a proper person to act upon the board of arbitration, and must do so now.

In the view we take it is necessary to set out briefly the functions of a board of arbitration in a situation such as this, where the crop allegedly damaged has long since been harvested and a view of the premises would be of no avail in determining the loss sustained. While section 360 apparently contemplates that in the ordinary course of things the board of arbitration will base its decision largely on an inspection of the damaged crop, it does not necessarily limit its decision to the information gained solely from a view of the premises. The statute speaks of members of the board as appraisers, but it is clear from a reading of the whole statute that it was intended that the board be one of arbitration rather than of appraisal. In the absence of a provision otherwise, boards of arbitration may hear not only evidence but also the parties

themselves as to the matter in controversy. For a general discussion on the subject, see 6 C. J. S., Arbitration and Award, p. 148 et seq.; 3 Am. Jur. 928-937; *Vincent* v. *German Insurance Company of Freeport,* 120 Iowa, 272, 94 N. W. 458.

Boards of arbitration are more than mere appraisers, and text writers speak of such boards as exercising a power judicial in nature. (*Produce Refrigerating Co.* v. *Norwich Union Fire Ins. Society,* 91 Minn. 210, 97 N. W. 875, 98 N. W. 100; *People ex rel. Bliss* v. *Board of Supervisors of Cortland County,* Sup. Sp. T., 15 N. Y. Supp. 748, 750. See also, 3 Am. Jur. 830 to 835.) Where the board is properly appointed, it may proceed under the provisions of section 360, Revised Codes, to fix the amount of damage based on evidence presented to it.

In accordance with what is said herein the judgment is reversed and the cause ordered dismissed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON and MORRIS concur.

MR. JUSTICE ANGSTMAN takes no part in the foregoing decision.