No. 12385

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

_____

GARRY V. BENNETT,

Plaintiff and Appellant,

-vs-

HARRIETT V. MAHONEY and
STELLA FOOTE,

Defendants and Respondents.

_____

Appeal from: District Court of the Thirteenth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellant:

Crowley, Kilbourne, Haughey, Hanson and Gallagher,
Billings, Montana
Robert Edd Lee argued, Billings, Montana

For Respondents:

Anderson, Symmes, Forbes, Peete and Brown, Billings,
Montana
Rockwood Brown, Jr. argued, Billings, Montana

_____

Submitted: January 25, 1973

Decided: MAR 2 3 1973

Filed: MAR 2 3 1973

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This appeal is taken from a judgment for defendants entered by the district court of Yellowstone County on an action for declaratory judgment. The matter was submitted to this Court on written briefs and stipulated facts, with all pertinent agreements and correspondence attached as exhibits.

The controversy involved a lease agreement originally entered into on September 29, 1945, to run until December 31, 1970. The property involved was a commercial site on Montana Avenue in Billings. The original parties involved were John W. and Margaret L. Foote as lessors and Clark K. Fergus as lessee. The lessee constructed a supermarket, known as Clark's Market, which he operated for about twenty-two years. The property was then subleased to a local department store. The original twenty-five year lease contained an option for a ten year extended term upon its expiration, with provision for arbitration in the event the parties could not agree on the terms of the extended lease.

Before expiration of the original lease, Garry V. Bennett, plaintiff and appellant (hereinafter referred to as lessee), succeeded to the interests of Clark K. Fergus. Harriett V. Mahoney and Stella Foote, defendants and respondents, (hereinafter referred to as lessors), succeeded to the interests of John and Margaret Foote. Immediately prior to the expiration of the original lease, lessors and lessee negotiated concerning the optional ten year extended term, but were unable to agree on the amount of rental. In addition, they could not agree whether or not the new rental should be ground rental only or based on improvements by lessee.

The matter was litigated in the district court and by order and judgment dated September 22, 1970, that court held:

"IT IS ORDERED, ADJUDGED AND DECREED, That under the provisions for determination of the rental to be paid by plaintiffs (Garry Bennett and Elsie Fergus) during the extended term of the lease which is the subject of this action, the arbitrators acting pursuant to said lease should consider only ground rental and not improvements placed thereon by the lessee and his successors in interest, in determining the rental applicable during the extended term commencing January 1, 1971."

Pursuant to the terms of this order and judgment and the provisions of the original lease contract, three arbitrators met and on December 22, 1970, arrived at the following rental agreement:

"Rent shall be at the rate of $3,400.00 per annum, starting January 1, 1971, for a period of five years through December 31, 1975, with the option to renew for an additional five year period, with rent at $4,000.00 per year, starting January 1, 1976 and ending December 31, 1980.

"As further consideration, we amend the original lease wherein the lessee CLARK K. FERGUS will pay all taxes---more specifically, the $200.00 previously carred by the lessor, JOHN W. FOOTE."

Lessee, through his attorney, sent a letter to the attorney for the lessors, dated January 7, 1971, in which lessee attempted to accept the arbitrators' determination of December 22, 1970, and extend the lease for an additional ten years. Lessors, through their attorney, refused the attempted exercise of the extension option on the grounds that it was submitted past the ten day acceptance period provided for in the original lease in these terms:

"* * * The three persons so selected shall constitute a board of arbitration for the purpose of determining the rental of said leased premises for a ten year extended term thereof, and shall promptly agree by a majority vote on such rental, which in no event be less than Fifteen Hundred Dollars ($1,500.00) per annum. Within ten days after such board of arbitration fixes such rental, said lessee shall notify said lessors in writing whether or not he wishes to exercise his option to extend the terms of this lease for an additional period of ten years on the rental fixed by said board of arbitration and both lessors and lessee will be bound by the decision of said lessee." (Emphasis supplied).

On January 20, 1971, lessee sent a letter to lessor, Stella Foote, and to each of the three members of the board of arbitrators, requesting the extension lease matter be resubmitted to

arbitration on the basis that the arbitration award failed to follow the instructions of the original lease, because the rental determination was for a period of five rather than ten years. Lessors continued in their position that lessee Bennett's failure to make a timely acceptance of the arbitration agreement had terminated all his interest.

On April 27, 1971, lessee Bennett filed a declaratory judgment action in district court for a determination of these matters. On August 16, 1972, the district court rendered its findings of fact, conclusions of law and judgment in favor of defendant lessors, which stated in part:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

"1. That the Arbitration Award rendered by the Board of Arbitrators on December 22, 1970, Exhibit 'C', was within the authority and limits of the submission, i.e., the Lease and Decree of Court, Exhibits 'A' and 'B' respectively, and was legally valid and effective between the parties to said lease.

"2. That the plaintiff and his predecessors in interest failed to exercise their option to extend said Lease for an additional ten (10) years upon the terms of said Arbitration Award within the time and in the manner as required by said Lease instrument and by reason of this failure, the entire right,title and interest of the plaintiff and his predecessors in interest as Lessee under said Lease are fully terminated as of the end of the initial term. * * *"

Lessee appeals from that final judgment and presents two areas in which the arbitrators exceeded their authority.

1. The arbitration award only established the renewal lease for a period of five years, rather than ten years as required by the submission agreement.

2. The arbitration award shifted the payment of certain taxes from lessors to the lessee, which was not within the authority of the arbitrators.

We find no merit in lessee's contention the arbitration award was rendered for a period of five rather than ten years. The award, hereinabove quoted, clearly established a rental for the ten year period from January 1, 1971 to December 31, 1980, and lessors are bound for that entire period of time. The fact

there was a $600 increase in annual rental and an option to renew scheduled to take effect on January 1, 1976, in no way relinquishes the obligations of the lessors to be bound by the terms of the lease for the entire ten years. If anything, it operates to the advantage of the lessee, giving him a unilateral option to cancel at the "half way point" in the life of the lease.

We find nothing in the terms of the submission agreement which precluded the arbitration board from establishing different rentals for different years within the life of the ten year extension lease.

We also find no merit in lessee's contention the disposition of the tax obligation was not within the authority of the arbitrators in fixing the rental for the ten year extension lease period. Under circumstances other than those involved here, there might have been merit in this contention. However, in looking to the terms of the original twenty-five year lease agreement, we find it was established in 1945 that lessors would pay all taxes up to $200 per annum and lessee would pay any taxes in excess of that amount. Thus, the payment of taxes was very much a part of the "rental" obligation or compensation between the lessors and lessee under the terms of the original lease. This fact made it incumbent upon the arbitration board to make some disposition of the tax payment issue in the "rental" terms of the ten year extension lease. The disposition it made appears in no way unreasonable to this Court, nor does it seem particularly unusual, since under the original lease agreement lessee was paying part of the taxes, under the ten year extension lease he would have paid them all.

In McIntosh v. Hartford Fire Ins. Co., 106 Mont. 434, 439, 78 P.2d 82, this Court stated the applicable general rule:

> "It is the policy of the law to favor the settlement of disputes by arbitration, and every reasonable intendment will be indulged to give effect to such proceedings. An award made by appraisers or arbitrators

should not be vacated unless it was made without authority, or as a result of fraud or mistake, or misfeasance or malfeasance of the appraisers."

See also: Lee v. Providence Washington Ins. Co., 82 Mont. 264, 266 P. 640; Crosby v. Board of Hail Insurance, 113 Mont. 470, 29 P.2d 99; 5 Am Jur 2d, Arbitration and Award §§ 137,167.

Appellant lessee has not sustained the burden of establishing error abuse in the award made by the arbitrators.

Therefore, the judgment of the district court is affirmed.

<span style="text-align:center">_Gene S. Daly_</span>

Associate Justice

We Concur:

_James T. Harrison_

Chief Justice

_Frank I. Haswell_

_Wesley Castles_

_John Conway Harrison_

Associate Justices.