# IN THE COURT OF APPEALS OF IOWA

No. 23-0894
Filed October 2, 2024

**JOSEPH PETER SCHMIDT and BAMBI LYNN SCHMIDT,**
        Plaintiffs-Appellants,

**vs.**

**FARMERS MUTUAL HAIL INSURANCE COMPANY OF IOWA,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Marshall County, John J. Haney,

Judge.


        Homeowners appeal the district court's grant of summary judgment on their

breach-of-contract claim challenging an insurance appraisal award.  **AFFIRMED.**


        Joel C. Waters of Kaplan & Frese, LLP, Marshalltown, for appellants.

        Steven J. Pace and Jackson C. Blais of Shuttleworth & Ingersoll, Cedar

Rapids, for appellee.


        Considered by Schumacher, P.J., Langholz, J., and Bower, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**LANGHOLZ, Judge.**

Joseph and Bambi Schmidt disagree with their home insurer, Farmers Mutual Hail Insurance Company of Iowa, about the amount of loss to their insured property caused by the 2020 derecho.[1]  When the Schmidts continued to demand more payment above the nearly $50,000 paid by Farmers Mutual, the insurer invoked their policy's appraisal process to resolve the dispute.  One appraiser selected by the Schmidts, one by Farmers Mutual, and an umpire selected by the two appraisers, assessed the amount of loss to their property.  And by a two-to-one vote (with the Schmidts' appraiser dissenting), they agreed to an appraisal award that the loss was no more than the roughly $50,000 already paid.

Unhappy with this result, the Schmidts sued Farmers Mutual for breach of contract, claiming that it had not paid all their losses from the derecho.  But the district court granted summary judgment, holding that the appraisal award was valid and binding, thus defeating their breach-of-contract claim as a matter of law.  And on appeal, we agree.  The Schmidts do not argue that the appraisal process was infected with fraud, mistake, or misfeasance—the only grounds on which we could ignore the otherwise binding determination of the Schmidts' loss under their insurance policy.  The arguments that they do make improperly seek to revisit that award.  We thus affirm the district court's grant of summary judgment dismissing their breach-of-contract claim.

---

[1] *See generally* NOAA National Weather Service, *August 10, 2020, Midwest Derecho: The Costliest Severe Thunderstorm Event in United States History* (Aug. 6, 2021), https://perma.cc/8RCR-JWM8.

I.

On August 10, 2020, a powerful derecho swept through our state. The storm caused significant property damage, including to the Schmidts' home. The Schmidts filed a claim for their losses under their insurance policy with Farmers Mutual. After reviewing the damage, Farmers Mutual first paid the Schmidts $17,256.10 a couple of months after the storm. After the Schmidts requested further inspection, Farmers Mutual sent an engineer and eventually paid another $32,358.77 about a year later. Still, the Schmidts were dissatisfied—they believed the storm caused far more damage than the roughly $50,000 that Farmers Mutual had assessed.

Because the two sides could not agree, Farmers Mutual invoked the insurance policy's appraisal provision. That provision governs resolution of disputes "as to the value of the property or the amount of the loss." When invoked, the Schmidts and Farmers Mutual must "each select a competent appraiser," and then "[t]he two appraisers will select an umpire." Once the two appraisers and umpire are selected, they assess the property and "[t]he written agreement of any two of these three will be binding and set the amount of the loss."

Consistent with the policy, the Schmidts and Farmers Mutual each chose an appraiser, and the appraisers selected an umpire. After assessing the property, the two appraisers disagreed on the value of the Schmidts' loss. Farmers Mutual's appraiser believed the amounts already paid by Farmers Mutual covered the loss, and the umpire agreed. So the umpire and Farmers Mutual's appraiser signed an appraisal award confirming the loss as the roughly $50,000 already paid to the Schmidts. The award addendum summarized the loss amounts separately for six

items: "Dwelling," "Garage," "Barn," "Machine Shed #1," "Machine Shed #2," and "Cattle Shed." Farmers Mutual then closed the file.

Four months after the appraisal award, the Schmidts sued Farmers Mutual for breach of contract. They claimed Farmers Mutual breached their insurance policy when it "failed to pay for all losses covered." According to the Schmidts, Farmers Mutual closed their "insurance claim file without paying appropriately submitted claims . . . for damages to the roof of the dwelling, fascia and soffit, windows, a storage shed, siding, and garage siding." And they estimated they were owed damages north of $300,000.

Farmers Mutual moved for summary judgment, arguing that it did not breach the insurance policy because it paid the amount of loss set in the appraisal award, which is binding on both parties absent fraud, mistake, or misfeasance in the appraisal process. The Schmidts filed a two-page resistance, supported only by a two-page affidavit of Joseph Schmidt. They conceded "that there were no irregularities in the procedural aspects of the appraisal process." But they argued that fact disputes remained about whether the appraisal "accounted for" all the damage to their property. They contended that the addendum "does not list every insured item of property," pointing to the affidavit which asserted the appraisal ignored damage to their barn's siding and poles, a portable garage, and "miscellaneous personal property," and thus "did not include proper appraisals" for parts of their dwelling.

The district court granted Farmers Mutual summary judgment. The court agreed with Farmers Mutual that under the insurance policy's terms, the appraisal award was a valid and binding resolution of the parties' dispute. And it reasoned

that the Schmidts' argument that "the appraisal did not account for 'certain substantive damages'" was not enough to set aside the award because they did not allege "fraud, mistake, or malfeasance" in the appraisal process. The court summed up the Schmidts' argument as "disagree[ment] with the appraisal award," and concluded that alone "is insufficient as a matter of law to set aside the appraisal award." The Schmidts now appeal.

II.

We review the "district court's grant of summary judgment for correction of errors of law." *Boelman v. Grinnell Mut. Reins. Co.*, 826 N.W.2d 494, 500 (Iowa 2013). "[W]e examine the record in the light most favorable to" the Schmidts as "the nonmoving party." *Id.* at 501. Summary judgment is appropriate "when the moving party demonstrates there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law." *Id.*

When disputes arise between insurance providers and policyholders, appraisal provisions provide "a supplementary arrangement" to resolve those disputes "without a formal lawsuit." *Cent. Life Ins. v. Aetna Cas. & Sur. Co.*, 466 N.W.2d 257, 260 (Iowa 1991) (en banc). We strongly favor appraisals as a form of alternative dispute resolution, as they offer a "plain, speedy, inexpensive and just determination of the extent of the loss." *Walnut Creek Townhome Ass'n v. Depositors Ins.*, 913 N.W.2d 80, 89 (Iowa 2018) (citation omitted). Because appraisals are preferred, "the award is supported by every reasonable presumption and will be sustained even if the court disagrees with the result." *Cent. Life Ins.*, 466 N.W.2d at 260. Appraisal awards bind the parties, and we will only set appraisal awards aside upon a showing by the complaining party of "fraud, mistake

or misfeasance on the part of an appraiser or umpire." *Id.* Unless the party meets this "high standard" "to overcome the appraisal award's presumption of validity," a court or jury is "not free to make its own factual determination[s]" in a breach-of-contract suit. *Walnut Creek*, 913 N.W.2d at 89, 93.

The Schmidts acknowledge that "[i]t is true that the award will not be set aside unless the complaining party shows fraud, mistake or misfeasance on the part an appraiser or umpire." (Cleaned up). And they again do not make any argument on any of those grounds for setting aside the award. Rather, they try to avoid the governing insurance-appraisal precedent by essentially arguing that they are not seeking to set aside the award. They contended that they "do not simply contest the amount agreed to" in the award but "rather that the appraisal process did not include every damaged property item." They allege "clear inconsistencies between the items listed in Joseph Schmidt's affidavit and the appraisal award addendum" constitute a fact dispute. And they reason the appraisal provision in the policy only covers disputes over the "value of property" or "amount of loss"—not how the parties should "resolve disputes regarding failure to assess covered damaged property during the appraisal process."

But the district court correctly recognized that, at bottom, the Schmidts' suit attacks the amount of loss decided in the appraisal award. The insurance policy with Farmers Mutual explains how the items should be appraised and who appraises them. In case the parties disagree, two appraisers and an umpire decide the value of the damage. Whichever value carries the majority vote of the three experts shall be the final value. And that value binds the parties. So casting this case as a challenge to whether all property was property appraised, rather

than whether the property was rightly appraised, is unavailing—valuing disputed property goes to the heart of the appraisal process and is the kind of judgment that we will not disturb short of fraud, mistake, or misfeasance.

And the Schmidts do not even try to argue that they satisfied one of these grounds. At most, the Schmidts argue they suffered more damage than was contemplated by the appraisal award. But that is not the kind of objection that amounts to a "mistake" sufficient to set aside an otherwise binding appraisal. *See, e.g.*, *Adams v. N.Y. Bowery Fire Ins.*, 51 N.W. 1149, 1150–51 (Iowa 1892) (finding material mistake when appraisers excluded certain property after interpreting policy to exclude coverage of certain items despite having no authority to decide whether property was covered); *Vincent v. German Ins.*, 94 N.W. 458, 460 (Iowa 1903) (explaining "[m]istake of judgment on the part of the arbitrators is not ground for setting aside an award, unless such mistake be so great as to indicate partisan bias"). And during discovery, the Schmidts explicitly denied that any "irregularities" existed in the appraisal process.

So the Schmidts have not "set forth specific facts showing that there is a genuine issue for trial." Iowa R. Civ. P. 1.981(5). Two competing appraisals is not enough for us to overturn the award—there must be a showing of "fraud, mistake or misfeasance on the part of an appraiser or umpire." *Cent. Life Ins.*, 466 N.W.2d at 260. The district court correctly granted summary judgment dismissing the Schmidts' breach-of-contract claim.

**AFFIRMED.**